(No. 12443.—Reversed and remanded.)
MELISSA J. CLAWSON et al. Appellees, vs. GEORGE W.
ELLIS, Appellant.

*Opinion filed December 18, 1918.*

1. PARTITION—*commissioner connected with any party by consanguinity or affinity is incompetent.* Under the statute a person who is connected with any of the parties to a partition proceeding by consanguinity or affinity is incompetent to act as a commissioner to make partition.

2. SAME—*what is meant by "affinity," as used in Partition act.* Affinity is the relation contracted by marriage between the husband and his wife's kindred and between the wife and her husband's kindred, but the relation does not extend to persons who are married to such kindred.

3. SAME—*when commissioner is not connected by affinity with party to suit.* The fact that the father of the wife of one of the commissioners appointed to make partition is a cousin of the husband of one of the co-tenants does not bring such commissioner within the statute prohibiting persons from acting who are connected by affinity with any party.

4. SAME—*when a commissioner is disqualified.* One whose mother is a cousin of the husband of one of the co-tenants in a partition proceeding is disqualified to act as a commissioner, as he is one of the blood relatives of the husband of such co-tenant with whom the co-tenant is connected by affinity.

5. SAME—*when party may object to report of commissioners.* The fact that a non-resident defendant to a .partition suit who was served by publication permitted his default to be entered and the bill as to him taken as confessed, and took no appeal from the decree, does not preclude him from objecting to the report of the commissioners on the ground that some of them were disqualified.

APPEAL from the Circuit Court of Shelby county; the Hon. W. B. WRIGHT, Judge, presiding.

BRYAN H. TIVNEN, for appellant.

A. J. STEIDLEY, and W. C. & W. L. KELLEY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, George W. Ellis, was one of the defendants in a suit in the circuit court of Shelby county for partition of a farm of 155 acres. He was a non-resident and was served by publication. His default was entered and the bill was taken as confessed by him. In March, 1918, a decree was entered in the cause finding the rights and interests of the parties and finding him to be the owner of a one-sixth interest and ordering partition. The decree contained the following provision: "That H. C. May, R. O. Watson and J. V. Tressler, neither of whom appears to be connected with any of said parties either by consanguinity or affinity and are entirely disinterested, be and they are hereby appointed commissioners to make partition of the said premises." On April 26, 1918, the commissioners filed their report of an actual partition of the land, and on the same day the appellant entered objections thereto, which were heard by the chancellor and overruled. A decree was entered approving the report, confirming the title of the parties to the shares set off to them by the commissioners and ordering the appellant to pay the costs of the hearing on his objections. From that order this appeal was taken.

One of the objections was that the commissioners were related to the parties, or some of them, and on the hearing it was proved that J. V. Tressler's wife's father and Mr. Clawson, husband of Melissa Clawson, an owner of one-sixth part of the land, were cousins, and that R. O. Watson's mother was a cousin of W. H. Rankin, husband of Sarah Rankin, who was also the owner of a one-sixth interest in the land. The statute requires the court to appoint three commissioners who are not connected with any of the parties either by consanguinity or affinity and who are entirely disinterested, who shall make a report to the court of what they have done, and anyone connected with

any party either by consanguinity or affinity is incompetent to act as a commissioner. Affinity is the relation contracted by marriage between the husband and his wife's kindred and between the wife and her husband's kindred. The marriage places the husband in the same degree to the blood relations of the wife as that in which she herself stands toward them and gives the wife the same connection with the blood relations of the husband. (1 Blackstone's Com. 434; 2 Corpus Juris, 377; 1 Am. & Eng. Ency. of Law,— 2d ed.—911.) One who contracts a marriage thereby enters into a relation by affinity with the kindred of the spouse but does not assume that relation with persons married to such kindred, and the relation does not include persons related to the spouse only by affinity. Tressler was therefore not connected by affinity with Melissa Clawson, but Watson was so related to Sarah B. Rankin, her husband being a blood relation of Watson within a prohibited degree, and he was disqualified to act as a commissioner.

One who does not appeal from a decree finding the interests of the parties and ordering a partition is bound by it, and the appellant was concluded as to the findings of the decree and the order for partition. The appellant by his default confessed only the averments of the bill and did not appeal from the decree. The appointment of commissioners was not an adjudication of any right or interest of the parties but was a designation of persons who were directed to make partition and make a report of their acts. There was nothing done by the appellant which could be construed as a consent to the appointment of the commissioners who were named and he was not barred from making any valid objection he might have to them or to their report. Inasmuch as one of the commissioners was incompetent the chancellor should have sustained that objection and set aside their report, and it was error to overrule the objections and to confirm the titles of the parties to the shares set off to them.

There were thirteen other objections to the partition made by the commissioners, but they will not be considered.

The order overruling the objections, approving the report and confirming titles is reversed and the cause is remanded, with directions to set aside the report.

*Reversed and remanded, with directions.*