BADGER MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* KEVIN
MURRY *et al.*, Defendants.—(LELAND GLUBCZYNSKI,
Defendant-Appellant.)

Third District   No. 77-36

Opinion filed November 18, 1977.

Louis E. Olivero, of Peru, for appellant.

Herbolsheimer, Lannon and Henson, P. C., of La Salle (T. Donald Henson, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of La Salle County which in a declaratory judgment action found that the plaintiff, Badger Mutual Insurance Company, was under no duty to provide coverage for any potential liability which might result from the actions of the defendant Kevin Murry (hereinafter referred to as the defendant Murry), such finding being based on an exclusionary clause in an omnibus insurance policy issued by the plaintiff to the parents of Murry. The only defendant appealing from the judgment of the trial court is Leland Glubczynski (referred to hereinafter as the appellant).

The scenario of events which resulted in this appeal is as follows.

On August 4, 1973, the defendant Murry commenced visiting at approximately 9:30 p.m. establishments which sold alcoholic beverages. After patronizing four of such businesses and consuming "rum and coke" drinks at each place he attempted to drive his own automobile in the city of Peru sometime between 1 a.m. and 2 a.m. on August 5, 1973. In his attempt to drive the defendant Murry struck three parked automobiles. The appellant Glubczynski, a police officer in the city of Peru, was called to investigate the accidents. Upon his arrival at the scene the appellant requested Murry's drivers license and upon his request being ignored, the appellant placed Murry under arrest.

While Murry was sitting in the squad car he began smoking a cigarette and set fire to the carpeting in the car. The appellant requested Murry's cigarettes, however, this request was also denied. The appellant Glubczynski then proceeded to partially enter the rear of the automobile for the purpose of obtaining the smoking material. The defendant Murry commenced kicking the appellant in the face, on the nose and the right hand, which resulted in breaking the appellant's right thumb. With the help of a fellow police officer the defendant Murry was subdued and

placed in the city jail. At the police station Murry refused to take a breathalyzer test.

On January 27 the plaintiff Badger Mutual Insurance Company filed a complaint for declaratory judgment which sought an order of the circuit court of La Salle County declaring that it did not owe the defendant Murry any coverage for, or a defense to, any action subsequently brought by the appellant Glubczynski for money damages as the result of injuries sustained by him from Murry as the result of the melee on August 5, 1973. The plaintiff insurance company had issued to Murry's parents a homeowner's policy which provided omnibus protection but which contained an exclusionary coverage provision which read as follows:

"f. to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."

On July 23, 1975, the appellant Glubczynski brought suit in the La Salle County Circuit Court which sought actual and punitive damages for injuries received in the altercation on August 5, 1973, with the defendant Murry. The suit was entitled Leland Glubczynski v. Kevin Murry, No. 75-L-162.

On November 29, 1976, the trial court entered an order in the declaratory judgment action which declared, *inter alia*, that Badger Mutual, the plaintiff, was not obligated to defend the defendant Murry, nor to pay in his behalf any sums of money as damages, judgments, costs, or fees of any nature in the lawsuit brought against him by the appellant and which we described above as being case number 75-L-162.

As we have previously stated, this appeal ensued since the appellant Glubczynski challenges the correctness of the trial court's findings and judgment.

The appellant's sole contention in this appeal is that the trial court erred in ordering that the plaintiff insurance company be relieved of any duty to provide coverage for liability resulting from the defendant Murry's actions.

■■ This broad contention is predicated upon two acts of the trial court which the appellant assigns as reversible error. The first action of the trial court of which the appellant complains is that the trial court took judicial notice of his complaint for personal injuries filed approximately seven months after the instant case. We believe that a trial court has not only a right but may well have an obligation approaching the mandates of a duty to take judicial notice of pleadings in order to determine whether an insurer should be required to defend a suit against an insured. (*Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123, 126.) In *Sims* this court referred to 7 Am. Jur. 2d *Automobile Insurance* §162 (1963), and quoted as follows:

"As a general rule, and in accordance with the usual or standard

policy provision itself, the obligation of an automobile liability insurer to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint or petition in such action. As to the test for determining whether particular allegations require the insurer to defend the action brought against the insured, the general rule is that the insurer is under a duty to defend a suit against the insured where the complaint or petition in such suit alleges a state of facts within the coverage of the policy, but is free of such obligation where the alleged facts fail to bring the case within the policy coverage." 43 Ill. App. 2d 184, 191, 193 N.E.2d 123, 126.

The duty of an insurer to defend its insured in an action for injuries might be judged by allegations of complaint. (See *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 311 N.E.2d 134; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 209 N.E.2d 833.) This court followed this precise rule in the case of *Dorre v. Country Mutual Insurance Co.* (1977), 48 Ill. App. 3d 880, 363 N.E.2d 464.

■■ The trial court properly examined the complaint filed by the appellant against the defendant Murry and after examining the same could only conclude that the allegation pleaded therein had the effect of making the exclusionary clause of the homeowner's insurance policy operative. Paragraph 5 of the appellant's complaint against the defendant Murry alleges:

"5. The attack by defendant upon plaintiff was unprovoked by plaintiff and was made with intent on the part of the defendant to severely injure and maim plaintiff."

The allegations contained in the complaint of the appellant are judicial admissions and are conclusive against the pleader. (See *Precision Extrusions, Inc. v. Stewart* (1962), 36 Ill. App. 2d 30, 138 N.E.2d 547.) The judicial admission by the appellant that the defendant attacked him with intent to severely injure and maim him squarely placed the appellant within the exclusionary clause of the omnibus policy which excluded coverage to bodily injury which is either expected or intended from the standpoint of the insured.

We attach no significance to the fact that the appellant's complaint was not verified. American Jurisprudence 2d in discussing the effect of verified and unverified pleadings concluded that the modern view is that:

"* * * (T)he statements in a pleading are not rendered inadmissible against the pleader by the fact that he did not verify the pleading or that there was an irregularity in his verification, if it appears that he authorized the allegations, signed the pleading, or otherwise approved the allegations thereof after it was drawn." 29 Am. Jur. 2d *Evidence* §691, at 745-46 (1967).

We cannot agree with the appellant's contention that the trial court

committed error when it took judicial notice of his complaint for personal injuries which was filed against the defendant Murry.

The second argument proposed by the appellant in support of his contention that the trial court erred in relieving the plaintiff insurance company of any duty to provide coverage for liability resulting from the defendant Murry's action is that the trial court incorrectly determined as a matter of fact and law that the exclusionary clause did apply to the defendant Murry's actions.

The trial court in this case drafted a memorandum opinion which was filed and became a part of the record. The relevant portion of that opinion is as follows:

"As I understand the case, the question before the Court is whether or not the results of Murry's actions were expected or intended by him.

The Appellate Court of the Second District in *Farmers Automobile Insurance Association v. Medina*, 29 Ill. App. 3d 224, has considered language similar to that involved in this case and in their opinion the Court has pointed out that the words 'expected' and 'intended' were not synonymous. The Court went on to say that the damage in that case which was caused by the boy's act 'was not accomplished by design or plan (not intended) but was of such a nature that it should have been reasonably anticipated (expected).' and that a lesser degree of proof is required to show what may be reasonably anticipated from a design or plan on Murry's part.

I believe it is the law that intoxication can prevent the formation of an intention to injure. The question is can it negate a reasonable expectation of resulting injury. Because intoxication is no excuse for failure to act reasonably under our law, I find it difficult to believe that intoxication could excuse what would be a reasonable expectation of resulting injury.

Also, here, there is much evidence to support a finding that Murry was not so intoxicated as to be unable to realize the probable results of his actions. This conclusion is supported by plaintiff's admission in a complaint filed in a companion case wherein plaintiff pleads that the attack by the defendant upon Glubczynski 'was made with intent on the part of the defendant to severely injure and maim plaintiff.'

Therefore, both legally and factually, I conclude that the exclusionary clause must apply and preclude coverage here."

In its memorandum opinion the trial court cites the case of *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 329 N.E.2d 430. In the case of *Medina* the reviewing court stated:

"The sole question presented herein is the interpretation of the

following exclusionary clause found in the policy:
'This policy does not apply:
1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others.

\* \* \*

f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured.' " *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 225, 329 N.E.2d 430, 431.

The exclusionary clause to be interpreted by the reviewing court in the case of *Medina* and the exclusionary clause in the instant case are for all practicable purposes identical. The trial court in the case before us relied upon the reasoning which is found in a concurring opinion in the case of *Medina.* The pertinent language in the concurring opinion is as follows:

"Despite other jurisdictions holding to the contrary, I do not feel that the words 'intended' and 'expected' are synonomous or that they must necessarily be equated. Were they synonomous, no purpose would be served by including both within the exclusionary clause. The two words apply to situations which differ from each other in that a different degree of proof is necessary for each—a greater degree of proof being required to establish intent than to establish expectation." *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 228, 329 N.E.2d 430, 436.

■■ The appellant asserts that the trial court should not have relied upon the reasoning contained in a special concurring opinion since such reasoning is nothing more than dictum. With this assertion we disagree since the special concurring opinion agreed with the result reached in the case of *Medina* and provided an alternate ground upon which such result could be predicated. Where a decision is based on alternate grounds neither ground can be regarded as dictum. (See *Scheinfeld v. Muntz TV, Inc.* (1966), 67 Ill. App. 2d 8, 214 N.E.2d 506.) That the trial court relied upon the special concurring opinion in the case of *Medina* rather than the majority opinion is of no consequence since both opinions reached the same result in interpreting an exclusionary clause identical with the one presented to us in the instant case. We agree with the reasoning of the trial court as expressed in its memorandum opinion and further are of the opinion that no error was committed when the reasoning of the trial court was grounded on that expressed in the case of *Medina.*

■■ We are further of the opinion that the record supports a finding that the defendant Murry was not so intoxicated as to be unable to realize the probable results of his actions. The defendant Murry testified that he did not believe that he was intoxicated at the time of his altercation with

the appellant. We deem it significant that the evidence discloses that the defendant Murry went to the squad car unassisted and after becoming engaged in an altercation with the appellant he voluntarily quit his attacks upon the appellant when a fellow officer intervened, thereby acknowledging that he realized that further efforts on his part to injure a police officer would be useless.

An examination of the record discloses that there is ample evidence to support a finding that even if the defendant Murry was acting under the influence of alcohol he was not so intoxicated as to be unable to expect the result of his actions when he kicked the appellant.

For the reasons set forth the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.