(No. 75-CV-0185—)

*In re* APPLICATION OF MAGGIE WILLIAMS.

*Opinion filed December 30, 1980.*

ALAN J. SCHEFFRES, for Claimant.

Tyrone C. Fahner, Attorney General (Alan R. Boudreau, Assistant Attorney General, of counsel), for Respondent.

Per Curiam.

This claim arises out of an incident which occurred on February 24, 1974, when the Claimant's daughter, Annie Mae Jennings, was shot and killed by her husband, Wyatt Jennings. The assailant and the victim were husband and wife but were living separate and apart at the time of the crime.

The Claimant is Maggie Williams, the mother of the victim, Annie Jennings, who brings this claim as guardian for the four minor children of Annie Mae Jennings and Wyatt Jennings.

Claimant seeks compensation for lost support under the provisions of the Crime Victims Compensation Act. Ill. Rev. Stat. 1979, ch. 70, par. 70 *et seq.*

An Order was entered by this Court on July 1, 1976, denying the claim on the ground that the assailant was the husband of the victim. Section 3(e) of the Act precludes eligibility for benefits where the victim and the assailant are related. The Claimant moved for a hearing under section 9 of the Act, and the hearing was granted.

No evidentiary hearing was held, as the facts are essentially undisputed.

The issue presented to this Court is whether a person

is entitled to compensation under the Act if that person is related to the assailant but not sharing the same household.

. This Court has held in *In re Application of Lena Gordon*, 75-CV-219, as follows:

"Section 3(e) of the Act states that:

A person is entitled to compensation under the Act if: (e) the victim and his assailant were not related, and sharing the same household."

It is our opinion from the words of section 3(e) of the Act, that it was the intent of the legislature to deny compensation for injuries arising out of domestic quarrels. It did not intend that this Court enter into a morass of trying to determine provocation or causes of quarrels between relatives or persons who reside together.

From a grammatical standpoint, the comma after the word related in section 3(e) indicates that *either* a condition of being related to the assailant or a condition of sharing the household of the assailant disqualifies a person from compensation. If the legislature intended that *both* the condition of being related to the assailant and sharing the same household must be present in order to disqualify a person, then the comma would not have been required. To hold otherwise is also to hold that the legislature intended to pay a victim who shared the household of his assailant although not related to him. This Court cannot agree that such was the intent of the Act.

This same issue was presented to the New York Executive Department Crime Victims Board. In the case of *Gilbert R. Weisinger v. Stanley L. Van Rensselear*, 362 N.Y.S. (2d) 126, the Court said, "Under Statute rendering a member of a family of perpetrator ineligible to receive financial assistance for criminal injury, husband could not receive an award for injury sustained when shot by his wife, who had been living separate and apart."

Therefore, the Court reaffirms *In re Application of*

*Lena Gordon,* and finds that no compensation in this claim is authorized under the aforesaid Act and the claim is dismissed.