(No. 81-CV-0298—■)

*In re* APPLICATION OF IRVIN HOLLEY.

*Order filed March 4, 1983.*

*Order on review filed January 23, 1984.*

THOMAS P. YOUNG, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on January 29, 1979. Irvin Holley, husband of the deceased victim, Henderstene Holley, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on October 29, 1980, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Henderstene Holley, age 39, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72(c)), to wit: murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1).

2. That on January 29, 1979, the victim and two of her daughters were shot by the victim's son-in-law. The incident began when the offender went to the victim's home, located at 1155 Hecker Court, Elgin, Illinois, looking for his wife and son. The offender's wife and son had been living with the victim approximately one week

at the time of the incident. When the offender was informed by the victim that she did not know their whereabouts, the offender produced a gun and shot the victim. The offender then left this residence in his automobile and a short time later discovered his wife, son, sister-in-law and niece sitting in an automobile at a gas station located at 54 North State Street, Elgin, Illinois. The offender exited his automobile, approached the vehicle occupied by his wife and the others, and began arguing with his wife as to when he could visit his son. During this argument the offender became enraged and shot both his wife and his sister-in-law and fled the scene.

The victim and her daughter, the offender's wife, were pronounced dead on arrival at Sherman Hospital. The offender was apprehended, prosecuted and found guilty of murder, attempted murder and aggravated battery.

3. That the Claimant seeks compensation for funeral expenses and loss of support for the victim's minor children, Ivonne and Irvin Holley, Jr.

4. That section 3(e) of the Act states that the Claimant is eligible for compensation if the victim and the assailant were not related and sharing the same household. Ill. Rev. Stat. 1977, ch. 70, par. 73(e).

5. That it appears from the investigatory report and the police report that the victim and the assailant were related, in that the victim was the mother-in-law of the assailant.

6. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER ON REVIEW

POCH, J.

This claim arises out of an alleged criminal offense which occurred on January 29, 1979. Irvin Holley, husband of the deceased victim, Henderstene Holley, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This claim was originally filed October 10, 1980. Based upon the investigatory report of the Attorney General and other documentary evidence, the claim was denied on March 4, 1983, in that section 3(e) of the Act states that the Claimant is eligible for compensation if the victim and the assailant were not related and sharing the same household. The investigatory report of the Attorney General disclosed that the victim and the assailant were related, in that the victim was the mother-in-law of the assailant; therefore, the Claimant had not met a required condition precedent for compensation under the Act.

The Claimant filed his objections to order and requested a full hearing on the merits of the claim.

An evidentiary hearing was held before commissioner John P. Simpson on December 1, 1983, at the Court of Claims of Illinois, Chicago, Illinois.

At the hearing, it was stipulated by the parties that Henderstene Holley was in fact a victim of a violent crime as defined in section 2(c) of the Act, namely, murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1). On January 29, 1979, she was shot by her son-in-law at her home. She and her son-in-law did not share the same household.

467

At issue in this case is the application of the following provision of the Act:

"Section 3. A Person is entitled to compensation under this Act if:

o o o

(e) the victim and his assailant were not related, and sharing the same household". Ill. Rev. Stat. 1977, ch. 70, par. 73.

Claimant contends that the victim and her son-in-law were not related, and points out that at the time of the crime the statute did not define the word "related" or the word "relative".

The statute currently in force defines "relative" as follows:

"(f) 'Relative' means a spouse, parent, grandparent, step-father, step-mother, child, grandchild, brother, brother-in-law, sister, sister-in-law, half brother, half sister, spouse's parent, nephew, niece, uncle or aunt." Ill. Rev. Stat. 1981, ch. 70, par. 72(f).

While the legislature has now seen fit to spell out the meaning of the word "relative" by adding subparagraph (f) to section 2 of the Act, it is submitted that both popularly and legally the definition of the word "relative" has always been broad enough to include persons related by affinity.

"Relative. A kinsman; a person connected with another by blood or affinity. When used generically, includes persons connected by ties of affinity as well as consanguinity, and, when used with a restrictive meaning, refers to those only who are connected by blood." *Black's Law Dictionary*, Fourth Edition, 1968, 1453.

The Illinois Supreme Court has discussed the matter as follows:

"Affinity is the relation contracted by marriage between the husband and his wife's kindred and between the wife and her husband's kindred. The marriage places the husband in the same degree to the blood relations of the wife as that in which she herself stands toward them and gives the wife the same connection with the blood relations of the husband." *Clawson v. Ellis* (1918), 286 Ill. 81, 83.

From the above it is clear that even without the statutory definition of the word "relative" now present in the Act, the victim and her assailant were relatives.

Claimant next contends that even if the victim and her assailant were related, they were not sharing the same household, and therefore the claim is not barred. In other words, Claimant contends that for the claim to be barred, both circumstances set forth in section 3(e) of the Act must have existed at the time of the incident.

However, this Court has held in at least two cases, *In re Application of Gordon* (1975), 31 Ill. Ct. Cl. 223, and *In re Application of Williams* (1980), 34 Ill. Ct. Cl. 388, that the existence of either condition bars compensation.

"It is our opinion from the words of section 3(e) of the Act, that it was the intent of the legislature to deny compensation for injuries arising out of domestic quarrels. It did not intend that this Court enter into a morass of trying to determine provocation or causes of quarrels between relatives or persons who reside together.

From a grammatical standpoint, the comma after the word related in section 3(e) indicates that either a condition of being related to the assailant or a condition of sharing the household of the assailant disqualifies a person from compensation. If the legislature intended that both the condition of being related to the assailant and sharing the same household must be present in order to disqualify a person, then the comma would not have been required. To hold otherwise is also to hold that the legislature intended to pay a victim who shared the household of his assailant although not related to him. This Court cannot agree that such was the intent of the Act." *In re Application of Williams*, 34 Ill. Ct. Cl. 388, 390.

For the foregoing reasons, the order of March 4, 1983, denying the claim is hereby affirmed. The claim of Irvin Holley is denied.