*In re* ESTATE OF E. DAVIS WERNICK, Deceased (Garson Wernick, Ex'r of the Estate of E. Davis Wernick, *et al.*, Petitioners-Appellants, *v.* Mitchell Macks, Respondent-Appellee).

First District (3rd Division)   No. 82—1806

Opinion filed August 31, 1983.—Rehearing denied September 28, 1983.

Barry A. Feinberg, of Chuhak, Tecson, Kienlen & Feinberg, of Chicago, for appellant Garson Wernick.

Theodore M. Becker and David J. Eckert, both of Becker & Tenenbaum, and Peter R. Meyers, both of Chicago, for appellant Samuel S. Wernick.

David R. Herzog, of Layfer, Cohen, Handelsman & Mora, Ltd., of Chicago (Fred F. Herzog, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Petitioners, Garson Wernick, executor of the estate of E. Davis Wernick, deceased (the Estate) and Samuel S. Wernick, son and one of the beneficiaries of the Estate, brought proceedings in probate court against respondent, seeking recovery of the decedent's one-half beneficial interest in a land trust which held legal title to certain properties commonly known as 1615 South Wabash Avenue and 60 East Cedar Street (the Cedar property) in Chicago, Illinois, or, in the alternative, for one-half of the fair market value of said properties. Respondent, with his wife, claimed sole ownership of the Cedar property by virtue of an assignment allegedly executed by the decedent shortly before his death in exchange for a $90,000 promissory note (the note). After conducting substantial discovery, petitioners filed a motion for partial summary judgment in the amount of $90,000. The motion, which related solely to the Cedar property, was based on respondent's admissions in the record which established that the decedent's interest in the Cedar property had an undisputed value of at least that amount and that respondent had not paid the decedent any money to that date against the alleged note. Petitioners' prayer for relief stated:

"Said partial summary judgment should be entered *and yet have no bearing on any future litigation with respect to the difference between the NINETY THOUSAND DOLLAR ($90,000.00) figure and whatever the Court will later rule as to the total amount due and owing the Estate for the property at 60 East Cedar Street, Chicago, Illinois.*" (Emphasis added.)

Petitioners at all times denied that the subject transaction had ever taken place between the parties and denied having possession of any note, nor was respondent able to produce a copy of said note, although he testified that he always made copies of the documents that he prepared. Nevertheless, a question arose during oral argument on petitioners' motion concerning the hypothetical presentment of the note which respondent allegedly gave to the decedent, and the Estate agreed to indemnify respondent against a hypothetical holder in due course. The trial court granted petitioners' motion on June 4, 1982. Respondent subsequently filed a motion for modification of judgment which the trial court granted on June 23, 1982, and which is the subject of this appeal.

Respondent's motion was based solely on the premise that by proceeding to partial summary judgment on the admitted minimum value of the Cedar property, petitioners had necessarily conceded that a transaction (the purported assignment) had taken place between the parties and had thereby "elected their remedy," precluding them from any further relief. The effect of the trial court's June 23 order was to convert petitioners' partial summary judgment into a full summary judgment, "fully and finally adjudicating all of the rights and liabilities of the parties to [all of] the property which [was] the subject matter of [petitioners' previously filed] Amended Citation to Recover Property." Due to the nature of respondent's motion, which was neither a motion to vacate the partial summary judgment nor a cross-motion for summary judgment, the trial court entered its order in the absence of an evidentiary hearing to determine the existence of genuine issues of material fact, including the existence of the alleged transaction itself which was, and still remains, in dispute. In light of the ramifications of such an order, we believe that its granting without such a hearing was erroneous. We have also examined the record which would have properly been before the trial court had such a hearing taken place, and we find that it reveals the existence of several factual issues with respect to the circumstances surrounding the alleged assignment which would cast doubt upon the validity of the disputed transaction even if such a transaction was ultimately found to have taken place.

We therefore reverse the trial court's order of June 23, 1982, and affirm the partial summary judgment in favor of petitioners and remand the cause for further proceedings.

The events which culminated in the subject orders began during the proceedings for probate of decedent's estate, pursuant to which counsel for the executor requested from respondent an accounting for the income, expenses and profits on the Cedar property. Respondent advised the Estate by letter on May 3, 1979, that he had purchased from the decedent all of his right, title and interest in the subject property many months prior to the decedent's death. Thereafter, discovery proceedings were commenced against respondent, including a request for production of any documents supporting his claim to full ownership of the Cedar property. Respondent answered and averred that he had issued a $90,000 note for decedent's interest in the property, but that he had no copy of the note in his possession. Respondent subsequently filed an amended response to the request for production, attaching a purported assignment by decedent of his rights in the Cedar property to respondent and respondent's wife, dated July 7, 1977, less than two weeks before decedent's death. The amended response stated that no witnesses were present at the execution of the alleged assignment.

Thereafter, on June 9, 1980, respondent submitted to jurisdiction before the trial court for further proceedings on this matter. Respondent testified that he had purchased the Cedar property with the decedent some seven or eight years previously and that each had paid one-half of the $180,000 purchase price. Respondent further testified that the decedent assigned to him his one-half beneficial interest in the land trust holding the Cedar property on July 7, 1977, at which time respondent knew decedent was ill and undergoing treatment for cancer. Respondent admitted having paid no money on the note allegedly given in exchange for the decedent's interest.

Respondent also testified during discovery depositions taken in connection with the proceedings that he had met with the decedent, the decedent's son Garson and his accountant approximately six months before the decedent's death to discuss the disposition of certain properties which he and the decedent held jointly. Respondent admitted that the reason for the meeting was in part his expectation of the impending death of the decedent, in which event respondent stated that he did not want to become partners with the decedent's son. The decedent agreed at that time to sell his interest in certain properties to respondent; however, he did not then agree to sell his interest in the Cedar property, nor did he agree to purchase respond-

ent's interest which was allegedly offered to him. Some time after the meeting, respondent informed decedent that the building on the Cedar property may have to be demolished, after which decedent allegedly accepted respondent's offer of $90,000 in exchange for the property. Respondent further testified that he sold the Cedar property approximately one year to 15 months after decedent's death, for money and property worth $400,000. Respondent stated that he had not paid anything on the alleged note.

By leave of court, petitioners filed their amended citation to recover property on April 2, 1982, seeking recovery of the full value of the decedent's interest in the Cedar property, as well as other property. The amended citation incorporated an independent appraisal of the Cedar property conducted on September 20, 1977, just two months after decedent's death, which stated its fair market value to be $405,000. At the same time, petitioners also filed their motion for partial summary judgment against respondent in the amount of $90,000, based on respondent's admissions that the decedent's interest in the Cedar property alone had a value of at least that much. The motion clearly did not concern decedent's interest in the Wabash property or in any other properties, and expressly reserved for further consideration issues of fact concerning the actual value of the interest in the Cedar property.

Throughout the course of oral arguments on the motion, counsel for petitioners reiterated the necessity of an evidentiary hearing during which the trial court could determine the numerous questions of fact concerning the purported transaction. Due to the limited question upon which petitioners based their motion, however, the trial court considered at that time only the motion itself and corresponding memoranda, the amended citation to recover and respondent's answer in which he raised the note theory in the form of a denial, respondent's deposition and in-court testimony, and his answers to interrogatories. Similarly, no factual evidence was heard pursuant to respondent's subsequent motion for modification, wherein the trial court based its ruling solely upon its belief that petitioners had acceded to the note theory and elected their remedy. The nature of the second hearing thereby denied petitioners an opportunity to present several items of evidence which, we believe, preclude the entry of total summary judgment. This evidence includes, but is not limited to, the deposition testimony of decedent's office nurse that the decedent's health was failing and that he became forgetful during the last four or five months of his life, often writing incorrect prescriptions; the testimony of decedent's personal nurse that the decedent ingested drugs as part of his

treatment which sometimes caused him to transpose telephone numbers and that his business affairs were not utmost on his mind during his final weeks; the affidavit of decedent's son stating that the decedent told him he did not wish to sell the Cedar property because said property was excellent real estate which would continue to appreciate and establish his children for life. Decedent knew, at the time he made this statement, that the property had a value in excess of $325,000, which was its appraised value at the time of his wife's death in September of 1974. In addition, these three persons at least questioned the validity of the decedent's signature on the purported assignment.

■ A party's right to summary judgment must be clear and free from doubt. (*Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 438, 395 N.E.2d 964.) Summary judgment may only be granted where the pleadings, affidavits, answers to interrogatories, exhibits and depositions on file establish that there is no genuine issue of material fact and that the moving party is entitled to such judgment. (*Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032, *appeal denied* (1982), 88 Ill. 2d 549.) We believe that the evidence in the instant case demonstrates the existence of several genuine issues of material fact which must preclude the granting of total summary judgment. These include: whether the alleged transaction took place and, if so, the decedent's capacity to enter into such a transaction; the existence of the purported note and whether, if found to exist, such constituted fair and adequate consideration for the alleged assignment; and whether respondent breached any fiduciary duty owed to the decedent. In light of these remaining questions, the trial court's order granting summary judgment must be reversed.

■ The trial court based its June 23 order on its belief that by moving for partial summary judgment petitioners had acceded to respondent's note theory and had thereby elected their remedy. Respondent argues that this is further evidenced by the order for partial summary judgment, wherein the Estate indemnified respondent against any hypothetical holder in due course of the purported note. We disagree. Respondent relies principally on *Paoli v. Zipout, Inc.* (1959), 21 Ill. App. 2d 53, 157 N.E.2d 79, a case which is factually inapposite to the one now before us. *Paoli* involved a suit brought after a prior suit had been tried to judgment. Plaintiff there elected to proceed and won damages based on a license agreement, then sought to cancel the agreement in a subsequent lawsuit based on forfeiture. In the instant case, petitioners never conceded the existence of any note; conversely, counsel for petitioners consistently maintained that

whether the purported transaction took place remained a question of fact to be determined at trial. Petitioners neither affirmed nor forfeited the alleged assignment, nor can they be held to have elected a remedy where they were deprived of the opportunity to complete discovery on these issues. Moreover, election of remedies does not apply to the instant case because the Estate never attempted to pursue opposite and irreconcilable claims; the only claim brought by the Estate was that embodied in its amended citation to recover for recovery of decedent's interest in both the Cedar and Wabash properties. The Estate's motion for partial summary judgment sought the *partial* remedy of $90,000, which was the undisputed minimum value of only one of the subject parcels. The doctrine is also inapplicable where, as here, no threat of double recovery exists, the defendant has not been misled and has not changed his position in reliance on plaintiff's conduct, and there is nothing in the action that would serve to bar the instant remedy by reason of *res judicata*. See *Casati v. Aero Marine Management Co.* (1980), 90 Ill. App. 3d 530, 536-37, 413 N.E.2d 122; *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 395 N.E.2d 1143.

Finally, while not raised as an issue on appeal, we believe that the trial court's June 4, 1982, order granting partial summary judgment in favor of the petitioners was proper in light of respondent's admission of liability for at least that amount (see, *i.e., Messenger v. Rutherford* (1970), 130 Ill. App. 2d 407, 264 N.E.2d 775) and that such an order clearly does not preclude trial on the outstanding disputed claims raised in petitioners' amended citation to recover. See also *McKey v. Provus* (1913), 181 Ill. App. 364.

Based on the foregoing, the June 23, 1982, judgment of the circuit court of Cook County is reversed, the order of June 4, 1982, granting partial summary judgment is affirmed, and this cause is remanded for trial on petitioners' amended citation to recover.

Reversed in part, affirmed in part and remanded.

McGILLICUDDY and WHITE, JJ., concur.