MARGIE CALLOWAY, Special Adm'r of the Estate of Roschelle Owens, Plaintiff-Appellant, v. ALLSTATE INSURANCE CO., Defendant-Appellee.

First District (1st Division)   No. 85—1324

Opinion filed November 18, 1985.

Dombrowski & Sorensen, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Fritz K. Huszagh, and Joshua G. Vincent, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Margie Calloway, as special administrator of the estate of Roschelle Owens, appeals from the order of the circuit court of Cook County entering summary judgment in favor of defendant, Allstate Insurance Co., in a declaratory judgment action. Plaintiff contends that there were genuine issues of material fact that precluded the entry of summary judgment. We affirm.

On or about February 7, 1977, defendant issued an automobile insurance policy to plaintiff. The policy, a copy of which was attached to plaintiff's complaint as exhibit A, contained an uninsured motorist provision which defines "insured" as:

"(a) the named insured as stated in the policy, the spouse of any named insured and relatives of either, while residents of the same household;

(b) any other person while occupying an insured automobile;
*** ."

The policy also defines "occupying" as "in or upon or entering into or alighting from."

On November 5, 1977, Roschelle Owens was struck and killed by an uninsured motorist. According to plaintiff's complaint, Owens exited an automobile, allegedly owned by plaintiff, and "walked approximately 150 feet from said vehicle in search of gasoline, and was killed as a result of being struck by an uninsured motorist ***." Plaintiff, who did not witness the accident, testified at her deposition that Owens was not in plaintiff's vehicle when she was struck and killed.

Although there was an eyewitness to the accident, plaintiff could not recall where this witness had told her that the deceased was standing at the time of the accident.

In her complaint for declaratory relief, plaintiff alleged that the deceased, Roschelle Owens, was a member of her household and was related to her as the wife of plaintiff's step-grandson. Plaintiff's son, Ernest Calloway, married Lucille Owens. Prior to marrying Ernest, Lucille had two sons either by prior marriages or out-of-wedlock. One son was named Damen Bernard, whose biological father was Doc Scott. Another son was named Edward Owens, Jr., whose biological father was Edward Owens, Sr. Edward Owens, Jr., married Roschelle Johnston, who thereby became Roschelle Owens, now deceased. Neither Edward Owens, Jr., nor Roschelle Owens was related to plaintiff by blood. Roschelle Owens was never adopted by plaintiff or by any of her children. Plaintiff's only connection to the deceased is that her son Ernest married the deceased's mother-in-law, Lucille Owens.

On September 11, 1984, the parties filed cross-motions for summary judgment seeking a determination of insurance coverage under the policy issued by defendant to plaintiff. In response to defendant's motion, plaintiff alleged for the first time that her exhibit A may not be genuine because the color of the cover to the exhibit was not the same color that plaintiff originally recalled. Both motions were denied. Upon defendant's motion to reconsider, the trial court allowed defendant's motion for summary judgment. This appeal follows.

■ Plaintiff, as we have noted, contends that there were genuine issues of material fact that precluded the entry of summary judgment in favor of defendant. We disagree. The sole issue before the trial court was whether Roschelle Owens was an "insured person" as that term is defined in plaintiff's insurance policy. Plaintiff may claim that Owens was covered under that policy only if she can establish that the deceased was her relative and resided in the same household, or that the deceased was occupying an insured automobile at the time of the accident which caused her death. In our judgment, plaintiff can establish neither.

A "relative" has been defined as "[a] kinsman; a person connected with another by blood or affinity." (Black's Law Dictionary 1158 (5th ed. 1979).) A relationship not based on affinity or consanguinity is necessarily excluded from the designation of "relatives." (5 Couch on Insurance sec. 28:32, at 46 (2d ed. 1984).) "Affinity" has been defined as the relation which one spouse, because of the marriage, has to the blood relatives of the other spouse. (*State v. Hooper* (1934), 140 Kan. 481, 499-502, 37 P.2d 52, 64.) In *Clawson v. Ellis*

(1918), 286 Ill. 81, 83, 121 N.E. 242, our supreme court elaborated upon this concept:

"Affinity is the relation contracted by marriage between the husband and his wife's kindred and between the wife and her husband's kindred. The marriage places the husband in the same degree to the blood relations of the wife as that in which she herself stands toward them and gives the wife the same connection with the blood relations of the husband. [Citation.] One who contracts a marriage thereby enters into a relation by affinity with the kindred of the spouse but does not assume that relation with persons married to such kindred, and the relation does not include persons related to the spouse only by affinity."

The overwhelming weight of authority from other jurisdictions accords with this understanding of the term "affinity." (See *Criminal Injuries Compensation Board v. Remson* (1978), 282 Md. 168, 183-84, 384 A.2d 58, 67-68, and the cases cited therein.) This definition has been applied to determine issues of coverage and exclusion in automobile insurance contracts. See *United Pacific Insurance Co. v. McCarthy* (1976), 15 Wash. App. 70, 72-73, 546 P.2d 1226, 1228.

It is undisputed that the deceased, Roschelle Owens, was not related to plaintiff (the named insured) by blood or adoption. Nor was she related to plaintiff by affinity. By marrying Edward Owens, Jr., deceased became related by affinity only to the blood relatives of her spouse. Thus, deceased became related by affinity only to Lucille Owens and Edward Owens, Sr., the parents of deceased's husband, and to Damen Bernard, the half-brother of deceased's husband. The doctrine of affinity does not extend the deceased's relation to anyone else.

In *Yarbert v. Industrial Fire & Casualty Insurance Co.* (1978), 56 Ill. App. 3d 1034, 1036, 372 N.E.2d 886, the court stated:

"The construction to be given to insurance contracts, like other contracts, should be a natural and reasonable one. [Citation.] In order not to lead to unreasonable results, or to defeat the intention of the parties to a contract of insurance, the construction thereof must not be strained, arbitrary, irrational, unnatural, or forced, or strictly technical; rather, it must be fair, natural, reasonable, logical, and practical, having reference to the risk and the subject matter and the purposes of the entire contract."

In our judgment, the construction of the term "relative" urged by plaintiff is patently unreasonable and would lead to absurd conse-

quences. We agree with defendant when it states in its brief that "[o]nly the most unnatural, strained construction of the word 'relative' can lead to the conclusion that Roschelle Owens was related in any fashion \*\*\* to plaintiff." We determine as a matter of law that the deceased was not related to plaintiff, the named insured.

Since plaintiff cannot establish that Roschelle Owens was her relative, she must show that the deceased was occupying the insured automobile when she was killed in order to qualify for coverage. We note, however, that plaintiff's complaint alleges that Roschelle Owens exited the automobile and "walked approximately 150 feet from said vehicle in search of gasoline, and was killed as a result of being struck by an uninsured motorist \*\*\*." Allegations contained in a complaint are judicial admissions and are conclusive against the pleader. *Badger Mutual Insurance Co. v. Murry* (1977), 54 Ill. App. 3d 459, 462, 370 N.E.2d 295; *Kilbane v. Dyas* (1975), 33 Ill. App. 3d 439, 442, 337 N.E.2d 217.

The insurance policy defines "occupying" as "in or upon or entering into or alighting from." According to plaintiff's complaint and deposition, Roschelle Owens was 150 feet away from the vehicle when she was struck and killed by an uninsured motorist. Under the applicable authorities, Roschelle Owens was not "occupying" the insured vehicle as that term is defined in the insurance policy. See *Greer v. Kenilworth Insurance Co.* (1978), 60 Ill. App., 3d 22, 376 N.E.2d 346, and the cases cited therein.

Finally, plaintiff submits that there was a genuine issue of material fact as to whether the insurance policy that she had attached to her complaint was a true and correct copy of the insurance policy that had been issued to her. Plaintiff, however, has offered no evidence in support of her allegation that the exhibit is not a genuine copy of the policy. Furthermore, we note that under Illinois law, where, as here, a claim is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to her pleading an affidavit stating facts showing that the instrument is not accessible to her. (Ill. Rev. Stat. 1983, ch. 110, par. 2—606.) In her response to defendant's motion for summary judgment, plaintiff has attached no affidavit stating facts showing that the insurance policy was not accessible to her. Without attaching a copy or the relevant portions of the policy to the complaint, plaintiff would have no basis for maintaining her lawsuit. (See *Schreiber v. Eastern Airlines, Inc.* (1976), 38 Ill. App. 3d 556, 558, 348 N.E.2d 218.) Plaintiff cannot dispute the genuineness of her own exhibit which forms

the basis of her action. Defendant, it may be pointed out, admitted that plaintiff's exhibit A is a true and correct copy of the policy that it had issued to plaintiff. Whether the original of the insurance policy had a different color cover than the exhibit attached to the complaint obviously has no bearing on the provisions and definitions in the contract.

Upon our review of the record, we are satisfied that there was no genuine issue of material fact in this case. Accordingly, the trial court properly entered summary judgment in favor of defendant.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.