COLT CONSTRUCTION AND DEVELOPMENT COMPANY, Plaintiff-Appellee, v. GERALD D. W. NORTH, Defendant-Appellant.

First District (1st Division)   No. 86—3185

Opinion filed April 11, 1988.

Merle L. Royce, of Chicago, for appellant.

Arnstein, Gluck, Lehr & Milligan, of Chicago (Richard L. Rosen and Adele Rapport, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Gerald D. W. North (North) appeals from an order entered in the trial court granting partial summary judgment in an action for breach of contract in the amount of $7,273 in favor of plaintiff Colt Construction and Development Company (Colt). On appeal, North argues that (1) material issues of fact were raised in his answer, affirmative defenses and supporting affidavit which precluded the entry of partial summary judgment; and (2) the entry of partial summary judgment was improper because Colt had previously received a $6,000 payment on its mechanics lien claim against the premises from the mortgage holder.

In January 1983, North hired Colt to perform certain alterations and construction work on condominium units owned by North at 910 North Lake Shore Drive in Chicago which would result in combining two condominium units. Following negotiations by the parties, a proposal, dated January 20, 1983, which was submitted by Colt and accepted by North, stated that Colt would furnish all labor, materials, tools and equipment to complete the alterations for the sum of $7,966. North's acceptance was subject to the condition that Colt would complete all work required by January 28, 1983. North Stated he required the time limitation because he wanted to minimize the inconvenience which the construction would cause to other residents of the building. In addition, North's son suffered from the skin condition eczema which was aggravated by exposure to dust particles. To avoid his

son's exposure to the dust arising from the construction work, North had arranged for his wife and son to stay with relatives during the period of construction.

Colt began the construction project in January 1983 and completed it in September 1983. Colt submitted a bill to North in the amount of $12,414.60, the amount of which was disputed by North. North charged that the delay in the completion of the work caused him to lose anticipated rental income from the condominium units and that his son's skin condition was aggravated by the construction work.

In September 1983, North met with Colt's agent, Scott Sauline, to discuss an agreeable price for the work performed by Colt. At that meeting North agreed to pay Colt $7,273 for the construction work. The only issues remaining to be determined were the amount of lost rental income alleged by North as due and owing Colt and any damages incurred as a result of the aggravation of the skin condition of North's son. Following the meeting, North received a bill from Colt in the amount of $12,414.60. In a letter dated October 3, 1983, North protested the amount of the Colt bill and offered to settle the entire account for $3,213. No sums were ever paid by North to Colt.

On January 18, 1984, Colt filed a mechanics lien against North's property in the amount of $12,414.60. Thereafter, mortgage foreclosure proceedings were commenced against North by Uptown Federal Savings and Loan Association (Uptown) and Colt. Colt was named a party defendant in the foreclosure action since it had a mechanics lien on the property. Colt filed a counterclaim against Uptown and North to foreclose upon its mechanics lien. After receiving $6,000 in payment from Uptown, Colt and Uptown entered into a stipulation to dismiss Colt's mechanics lien. The dismissal arose from a stipulated agreement whereby North agreed to deed the premises over to Uptown in exchange for Uptown's waiver of all deficiencies against North. In response to Colt's counterclaim, North set forth several affirmative defenses which included that Colt had breached its contract with North by failing to perform its work in a proper, workmanlike and skilled fashion, resulting in a setoff. This defense was based on Colt's delay of six months in completing the construction work. The alleged damages included the lost rentals suffered by North due to his inability to rent the premises and the pain and discomfort suffered by North's son due to his skin condition.

On April 7, 1986, Colt moved for a default or partial summary judgment against North based on North's alleged admissions that he owed at least $7,273 to Colt. The trial court granted the motion for

partial summary judgment, finding that North had admitted in his affidavit, affirmative defenses and other pleadings that he owed Colt the amount of $7,273. The trial court further ruled that these admissions were made at a time. when all setoffs were in place, including the delay in the completion of the construction, the lost rental income, and the damages for the aggravated skin condition of North's son. The trial court stated that the $7,273 amount was not an approximation, but rather "an exact amount which *** could only come to be through specific and exact calculations." Therefore, the trial court ruled that these statements by North constituted judicial admissions. In addition, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), the trial court found that there was no just reason for delaying enforcement or appeal.[1]

## I

On appeal, North contends that material issues of fact were raised in his affirmative defenses as to the terms of the agreement reached by the parties which precluded the entry of summary judgment. Partial summary judgment may be granted whenever there is no material factual dispute as to any major issue in a case, even if substantial controversy exists with respect to other issues. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(d); *Brewer v. Daubert Chemical Co.* (1979), 72 Ill. App. 3d 718, 391 N.E.2d 110.) Where a party has admitted in his pleadings and affidavits that he owes a sum of money to another party, it is appropriate for the court to grant partial summary judgment on the amount admitted, leaving only those claims that are disputed to be tried. *Messenger v. Rutherford* (1970), 130 Ill. App. 2d 407, 264 N.E.2d 775.

In the case at bar, in his answer to Colt's counterclaim, North stated "that [the] maximum amount owed to Colt, for work done on Units No. 2315 and No. 2316 was $7,273." In addition, in his affirmative defense, North alleged that at a September 1983 meeting "North and Sauline agreed that North owed a maximum amount to Colt of $7,273." Likewise, in a supporting affidavit signed by North, he stated "I owed Colt no more than $7,273." From this series of admissions, we conclude that there was no dispute between the parties that North owed Colt $7,273 regardless of other disputes between the parties, including what additional amounts were owed, if any. In our judgment, these admissions by North in his answer and attached affi-

---

[1]Following this ruling, the trial court granted North's motion to transfer the remainder of the case to the law division for disposition.

davit constitute binding judicial admissions and may serve as the basis for summary judgment. (See *Calloway v. Allstate Insurance Co.* (1985), 138 Ill. App. 3d 545, 485 N.E.2d 1242; *Kilbane v. Dyas* (1975), 33 Ill. App. 3d 439, 337 N.E.2d 217; *Messenger v. Rutherford* (1970), 130 Ill. App. 2d 407, 264 N.E.2d 775.) There is no dispute between the parties as to that sum being the minimum amount due Colt by North and, accordingly, no issue of fact to be tried.

■ North contends that the statements made in his answer, affidavit and affirmative defense are not a concession that he owed Colt $7,273, but rather the statements should act as an accord and satisfaction against Colt and that Colt can claim no more than $7,273 from North. We find no basis in the record to support the argument that the agreement entered into by the parties constituted an accord and satisfaction as to the total amount owed by North as a result of his dispute with Colt. Rather, we agree with the trial court that since there was no dispute as to the $7,273 amount, defendant has admitted a debt which is no longer at issue in this case. The figure of $7,273 was not reached in a casual or accidental manner but reflected a precise calculation by North as to what he owed Colt. Colt agreed to charge North $4,272 for the construction work under its original contract, together with an additional amount of $3,001 for extra work it performed on the premises, resulting in a total bill of $7,273. At the September 1983 meeting between North and Colt's agent, Colt agreed to bill North $7,273 and North agreed to pay this figure pursuant to the terms of their agreement. It is our judgment that North's statements are sufficient to establish North's liability for the amount of $7,273. Whether North owes Colt any further amount is a disputed issue to be resolved at trial. Any defenses raised by North can be litigated along with the disputed portion of Colt's claim. See *In re Estate of Wernick* (1983), 117 Ill. App. 3d 855, 454 N.E.2d 20.

II

■ North further argues that the payment to Colt of $6,000 by Uptown, the holder of the mortgage on North's property, precludes the award of partial summary judgment in favor of Colt because of the possibility of multiple recoveries. Following the initiation of foreclosure proceedings by Uptown, Uptown and Colt entered into an agreement whereby Uptown would pay Colt $6,000 and Colt would dismiss its mechanics lien claim with prejudice. The order entered by the trial court dismissing Colt's mechanics lien claim specifically preserves Colt's contract and quasi-contract claims against North and provides that there has been no partial or complete satisfaction of

those claims. Thus, the dismissal of Colt's mechanics lien in the foreclosure action is not relevant to the entry of partial summary judgment in this matter.

We have reviewed the authority cited by North (*Swords v. Risser* (1977), 55 Ill. App. 3d 676, 371 N.E.2d 182; *Consol Builders & Supply Co. v. Ebens* (1975), 24 Ill. App. 3d 988, 322 N.E.2d 248) and find it inapposite to the case at bar. *Swords* and *Consol Builders* address the preclusive effect of a previous judgment upon a subsequent claim against the same party arising from the same transaction. Here the mechanics lien action was a separate action involving different parties. Further, Colt never obtained a judgment but merely agreed with Uptown to give up its priority lien claim in exchange for the consideration paid by Uptown. As such, the possibility of impermissible multiple recoveries by Colt is not present and the entry of partial summary judgment in favor of Colt was proper.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed and this cause is remanded for further proceedings.

Affirmed and remanded.

QUINLAN and MANNING, JJ., concur.