Northbrook Supply Co., a Corporation, Plaintiff-Appellant, v. Thumm Construction Co., etc., et al., Defendants-Appellees.
Consolidated with
City of Highland Park, etc., et al., Plaintiff-Appellant v. Thumm Construction Co., et al., Defendants-Appellees.

Gen. No. 11,668.

Second District, First Division.

February 19, 1963.

Jaffe, Green & Murnighan, of Chicago (John B. Murnighan and James E. Kane, of counsel), for appellant.

Howard E. Kane and Thomas W. McNamara, of Chicago (Thompson, Raymond, Mayer & Jenner, of counsel), for appellees.

McNEAL, P. J.

This case involves a suit filed by Northbrook Supply Co., a corporation, against Thumm Construction Co., a corporation, and the City of Highland Park to enforce a lien against public funds under Section 23, Chapter 82, Illinois Revised Statutes, and also a suit brought by the city for the use of the Northbrook Company against W. J. Lewis Construction Co., a corporation, and General Insurance Company to recover on a contractor's bond under Sections 15 and 16, Chapter 29, Illinois Revised Statutes. The two suits were consolidated for trial.

The evidence shows that Highland Park entered into a contract with the Thumm Company as general contractor to construct sanitary sewers. Thumm furnished a performance bond with General Insurance as surety and sublet a portion of the work to the Lewis Company. Lewis, in turn, purchased over $10,000 worth of sewer pipe from the plaintiff Northbrook Company. Northbrook was advised that the general contractor Thumm was ready to pay out. Northbrook's vice president then prepared a lien waiver and a trust receipt. William Lewis of the Lewis Construction Company executed the trust receipt, and the lien waiver was delivered to him so that the Lewis Company could obtain payment from Thumm. The trust receipt provided that Lewis was to collect from Thumm and turn over to Northbrook the sum of $10,400.95 within twenty-four hours and that failure to do so was to constitute a wrongful conversion. Northbrook's vice president testified that he prepared and delivered the lien waiver so that Lewis could obtain payment from Thumm, that he knew that Northbrook had a lien only upon the funds and not upon the property, that he intended to waive all lien rights under the statutes of Illinois, and that he was relying upon the trust receipt. The exact wording of the waiver is as follows:

"Waiver of Lien Geo. E. Cole & Co. Chicago
Materials or Labor Legal Blanks

STATE OF ILLINOIS ⎫
COOK COUNTY ⎬ SS
 ⎭

December 16, 1959

TO ALL WHOM IT MAY CONCERN:

WHEREAS, We, the undersigned NORTH-BROOK SUPPLY CO. has been employed by W. J. Lewis Construction Co. to furnish Sewer Pipe for the building known as County Line Road Sewer Job, Highland Park, Illinois.

NOW, THEREFORE, KNOW YE, that we the undersigned, for and in consideration of Ten thousand Four hundred & 95/100 Dollars, and other good and valuable considerations, the receipt whereof is hereby acknowledged, do hereby waive and release any and all lien, or claim, or right of lien on said above described building and premises under the Statutes of the State of Illinois relating to Mechanics' Liens, on account of labor or materials, or both, furnished or which may be furnished by the undersigned to or on account of the said W. J. Lewis Construction Co. for said building or premises.

GIVEN under our hand and seal this 16th day of December, 1959.

 NORTHBROOK SUPPLY CO. (Corporate
 Seal)
 /s/ DON CUNNINGHAM
 V. P. & Treas."

Lewis delivered this lien waiver to Thumm together with other waivers and received payment of $12,161.20 from Thumm, but failed to pay Northbrook. Northbrook then instituted the present actions, which were

269

consolidated. After hearing the evidence, the circuit court entered a decree dismissing the actions for want of equity and entering judgment for the defendants. This appeal followed, the sole question being whether plaintiff is barred by the above waiver.

The difficulty in this case arises from the fact that the statute gives a lien on funds, whereas the lien waiver refers to property. Appellants rely upon Douglas Lumber Co. v. Chicago Home for Incurables, 380 Ill 87, 100, 43 NE2d 535, wherein the Supreme Court held that a waiver of lien on real estate could not be construed to waive a lien on funds. In the Douglas case the materialman had a lien on both the real estate and the funds, so that it was reasonable to conclude that a waiver of one lien would not release the other. In the case at bar, however, there was only a single lien, namely, on the funds. In this case, if the waiver has any meaning at all, it must be construed to be a waiver of the lien on the funds; and the record conclusively demonstrates that such was the intention of the parties.

While no Illinois decision has been cited which is precisely in point, several decisions have been cited from other jurisdictions which appear to be persuasive. In Kansas City Marble & Tile Co. v. Penker Const. Co., 86 F2d 287, 288, a materialman delivered a lien waiver to a subcontractor so that the subcontractor could obtain payment from the general contractor. The waiver purported to release "any and all liens, claims and right to lien for any and all work, labor and material by themselves furnished or which may be furnished in and about said premises." The contractor paid out in reliance on this lien waiver. In an action brought by the materialman the District Court held that the materialman was estopped. In affirming the District Court, the Fourth Circuit Court of Appeals said:

"As there could be no lien upon the public building, we think it clear that the word 'claims' in the waiver should be construed as having reference to claims under the bond for materials furnished, and should not be limited to claims to a lien which could have no existence under the law. And we agree with the judge below that petitioner is estopped from asserting a claim against the bond for the materials furnished, since it is clear that petitioner intended by the execution of the waiver to assure the general contractor that petitioner would assert no claim against him for materials furnished and that the general contractor was thereby induced to make settlement with the subcontractor. All parties understood that payments would not be made to the subcontractor so long as claims for materials furnished him might be asserted against the bond; and the waiver was executed by petitioner to be used by the subcontractor for obtaining such payments. Having thus aided the subcontractor to obtain the payments, petitioner ought not to be heard to say that the waiver contemplated non-existent liens rather than claims against the bond which had been provided in lieu of lien for the protection of laborers and materialmen."

In Reinhart Lumber & Planing Mill Co. v. Hladik (Cal App), 259 P 363, certain plaintiffs released any lien which they might have for "concrete work and inside plastering." They later sought to evade the effect of their release on the ground that they did not actually do any "concrete work" or "inside plastering." This contention was rejected, the court stating that such a construction would make the execution of the waivers a "mere idle act" and render them of "no force and effect."

■ What constitutes a waiver of lien is essentially a question of intention. 57 CJS 794, Mechanics' Liens, Par 223; Love, Illinois Mechanics' Liens, 2nd ed, Par 175, p 457; Paulsen v. Manske, 126 Ill 72, 80, 18 NE 275; Dymond v. Bruhns, 101 Ill App 425, 429, partly affirmed and partly reversed on other grounds in 200 Ill 292, 65 NE 641.

■ In this case it is undisputed that the waiver was intended as a release of any and all liens which Northbrook might have. We believe that the intention of the parties should be given effect. Further, the waiver was given for the express purpose of inducing payment by the general contractor. The general contractor made payment pursuant to the waiver, and we do not believe that Northbrook should be permitted to avoid the consequences of its own conduct.

For the foregoing reasons it is our conclusion that the judgment entered by the Circuit Court of Lake County was correct and said judgment should be and it hereby is affirmed.

Judgment affirmed.

DOVE and SMITH, JJ., concur.