RAMCO INDUSTRIES, INC., Plaintiff-Appellant, v. BOARD OF TRUST-
EES OF THE UNIVERSITY OF ILLINOIS, Defendant (Seaboard Surety
Company *et al.*, Defendants-Appellees).

First District (4th Division)  No. 1—91—0050

Opinion filed February 20, 1992.

Ialongo & Meyer, of Chicago, for appellant.

Marc S. Lipinski, of Rudnick & Wolfe, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Ramco Industries, Inc., appeals from an order of the cir-
cuit court of Cook County granting the motion for partial summary
judgment in favor of defendants Mellon-Stuart Company (Mellon-Stu-
art) and Seaboard Surety Company (Seaboard). The sole issue on ap-
peal is whether the trial court erred in finding that plaintiff could not
assert a mechanic's lien pursuant to section 23 of the Mechanics Liens
Act (Ill. Rev. Stat. 1987, ch. 82, par. 23) (the Act) against the Board

of Trustees of the University of Illinois (the Board) in connection with a construction project.

We affirm.

In December 1986, the Board contracted with Mellon-Stuart to build a facility on the Chicago campus of the University of Illinois. Mellon-Stuart subsequently entered into a $1.15 million subcontract agreement with plaintiff to provide and install structural steel for the facility. Under the terms of the subcontract, plaintiff waived all rights to file liens in connection with the project, including any change orders or supplemental agreements for additional work. Section 7 of the subcontract, entitled "No Liens," provides in relevant part, as follows:

> "Subcontractor *** covenants and agrees that no liens for or on account of any work, labor, services, materials, equipment or other items performed or furnished for or in connection with the Work, will be filed or maintained against the Project or the premises upon which the Project is located or any fund created or money held by Owner for or on account of the Project. Subcontractor *** does hereby expressly waive, release and relinquish all rights to file or maintain such liens and further agrees that this waiver of the right to file or maintain such liens shall be an independent covenant and shall apply as well to work, labor and services performed and materials, equipment and their items furnished under any change order or supplemental agreement for extra or additional work in connection with the Project as well as to the original Work covered by this Agreement *** ."

After the project was completed, plaintiff filed a complaint alleging that Mellon-Stuart failed to pay subcontract billings and charges for additional work in the amount of over $1 million. Count I of plaintiff's complaint sought to enforce a mechanic's lien pursuant to section 23 of the Act (Ill. Rev. Stat. 1987, ch. 82, par. 23) against defendants. Plaintiff also asserted a breach of contract claim against Mellon-Stuart.

Mellon-Stuart filed a motion to dismiss count I on the basis that the subcontract agreement contained a "no lien" clause. Following a hearing, the motion was denied. Subsequently, plaintiff's case was consolidated with other cases arising out of the same construction project and transferred to Judge Romie J. Palmer. Mellon-Stuart filed a motion for partial summary judgment on plaintiff's mechanic's lien. The court granted the motion for partial summary judgment and dismissed plaintiff's mechanic's lien with prejudice. The court found that

plaintiff had actual notice of the "no lien" provision contained in its subcontract at the time it signed the subcontract. This appeal followed.

Plaintiff contends that the trial court erred in granting defendants' motion for partial summary judgment. Summary judgment should be granted if the pleadings, depositions, admissions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Cincinnati Insurance Co. v. Argubright* (1986), 151 Ill. App. 3d 324, 328.) Similarly, a motion for partial summary judgment should be granted where there is "no material factual dispute as to any major issue in a case, even if substantial controversy exists with respect to other issues." *Colt Construction & Development Co. v. North* (1988), 168 Ill. App. 3d 913, 916.

On appeal, plaintiff contends that the trial court erred in finding that it had waived its right to assert a mechanic's lien under section 7 of the subcontract agreement. Plaintiff further contends that since section 23 of the Act, which applies to public projects, does not give statutory approval to enforce a "no lien" contract provision against monies due the contractor, such liens in public project contracts are inapplicable. Defendants counter that based on the holdings in *S.J. Groves & Sons Co. v. Midwest Steel Erection Co.* (N.D. Ill. 1986), 666 F. Supp. 129, and *Northbrook Supply Co. v. City of Highland Park* (1963), 39 Ill. App. 2d 267, waivers of liens are enforceable in connection with public projects.

In *S.J. Groves & Sons Co.*, the plaintiff entered into a contract with the Illinois Department of Transportation to build roads and improve bridges. The plaintiff subsequently subcontracted Midwest Steel to work on the project. A dispute arose between the parties about the amount of monies owed pursuant to the subcontract. The plaintiff filed an action against Midwest. Midwest counterclaimed alleging breach of contract and establishing a lien pursuant to section 23 of the Act. The subcontract between the parties contained a "no lien" provision similar to that in the case at bar.

The court in *S.J. Groves & Sons Co.* held that the subcontractor had waived its right to assert a lien on private contracts as well as public contracts. In reaching its decision, the court stated the following:

> "The mechanics' lien provisions concerning subcontractors, whether for private or public projects, are designed to ensure that subcontractors will have some recourse against the ultimate beneficiary of the subcontractors' labors—the project

owner—if the general contractor fails to meet its obligations to the subcontractor. The fact that the Illinois legislature's understandable refusal to allow liens directly against public property necessitated paragraph 23's specific procedures does not differentiate the protective intent behind paragraph 23 from the intent behind the provisions protecting subcontractors in private projects. Therefore, given that the Illinois courts have made it clear that subcontractors may waive statutory lien rights on private projects, the Court holds that [a party] could waive its lien under paragraph 23 as well." *S.J. Groves & Sons Co.*, 666 F. Supp. at 131.

Similarly, in *Northbrook Supply Co. v. City of Highland Park* (1963), 39 Ill. App. 2d 267, plaintiff sought to enforce a lien against public funds pursuant to section 23 of the Act. Plaintiff had entered into an agreement waiving all lien rights against all property under the statutes of Illinois. Plaintiff later sought to enforce a lien against public funds. The court held that the waiver provision was intended as a release of any and all liens which a plaintiff might have and, further, that the parties' intentions should be given effect. (*Northbrook Supply Co.*, 39 Ill. App. 2d at 272.) In holding that plaintiff was barred by its waiver of lien provision, the court stated, "we do not believe that [plaintiff] should be permitted to avoid the consequences of its own conduct." *Northbrook Supply Co.*, 39 Ill. App. 2d at 272.

■ We agree with the cases cited above which hold that pursuant to section 23 of the Act a subcontractor may waive statutory lien rights on public projects. The Act is intended to provide subcontractors with some recourse against the project owner if the general contractor fails to meet its obligations. Although the legislature differentiated between private projects (in section 21) and public projects (in section 23), we do not believe that the legislature intended to negate the protective intent behind section 23. Absent expressed statutory language preserving a subcontractor's right to assert a mechanic's lien after it has been waived in a contract, we refuse to hold that section 23 invalidates waiver of lien provisions.

■ In the case at bar, plaintiff knowingly waived its right to assert a lien on any and all funds or property. We agree with the trial court that plaintiff should not be permitted to raise section 23 of the Act as a defense to avoiding the consequences of its own actions. We therefore find that plaintiff's mechanic's lien is barred by the "no lien" provision of the subcontract and affirm the trial court's finding granting defendants' motion for partial summary judgment.

Having found that plaintiff's mechanic's lien is barred by the "no lien" provision clause of the contract agreement, we need not address plaintiff's contention that the trial court improperly determined that the lien provision of section 21 of the Act applied to this action, which was brought pursuant to section 23.

For the foregoing reasons, we affirm the ruling of the circuit court.

Affirmed.

LINN and McMORROW, JJ., concur.