(Nos. 81853, 82184 cons.—

R.W. DUNTEMAN COMPANY, Appellee, v. C/G
ENTERPRISES, INC., *et al.* (C/G Enterprises,
Inc., *et al.*, Appellants).

*Opinion filed February 20, 1998.*

154

William D. Klink, of Chicago, for appellant C/G Enterprises, Inc.

Robert L. Pattullo, Jr., and Kevin W. Horan, of Rock, Fusco, Reynolds, Crowe & Garvey, of Chicago, for appellants F&M Trucking, Inc., and Ziebell Water Service Products, Inc.

Bradley B. Falkof and Brian W. Troglia, of Barnes & Thornburg, of Chicago, and James A. Reiman, of Winnetka, for appellee.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Section 1.1 of the Mechanics Lien Act (770 ILCS 60/1.1 (West 1992)) provides:

> "An agreement to waive any right to enforce or claim any lien under this Act where the agreement is in anticipation of and in consideration for the awarding of a contract or subcontract, either express or implied, to perform work or supply materials for an improvement upon real property is against public policy and unenforceable. This Section does not prohibit subordination or release of a lien under this Act." 770 ILCS 60/1.1 (West 1992).

The circuit court of Cook County found section 1.1 to be unconstitutionally vague. Defendants appealed directly to this court pursuant to Supreme Court Rules 302(a)(1) and 304(a) (134 Ill. 2d R. 302(a)(1); 155 Ill. 2d R. 304(a)). For the reasons that follow, we hold that section 1.1 is not unconstitutionally vague and, therefore, reverse the trial court.

## BACKGROUND

In March 1996, plaintiff, R.W. Dunteman Company

(Dunteman), entered into a written contract with the City of Des Plaines (the City) to perform road work for a street reconstruction project. Paragraph 18 of the contract provided:

> "The Subcontractor waives and releases any and all liens or rights to lien arising under this Agreement or because of any work or materials heretofore or hereafter furnished against the premises of the Owner or any adjoining or contiguous premises or against any funds due or to become due to the Contractor. The provisions of this paragraph will extend to all subcontractors, materialmen and workmen engaged or employed under or through the Subcontractor and every contract, both written and oral, made by the Subcontractor or in the execution of the Subcontractor's work, will expressly so provide."

Dunteman entered a subcontract agreement with C/G Enterprises (C/G) to perform underground sewer and water construction for the project. Subsequently, C/G entered into various agreements with F&M Trucking Company (F&M), Ziebell Water Service Products, Inc. (Ziebell), and Christofano Equipment Company, Inc. (Christofano), for the provision of labor and materials for the project.

During the course of construction, the City became dissatisfied with C/G's performance and directed Dunteman to remove C/G from the project. Pursuant to section 23 of the Mechanics Lien Act (the Act) (770 ILCS 60/23 (West 1992)), C/G filed a lien in the amount of $246,826.08 against the monies due Dunteman from the City. Thereafter, F&M and Christofano also filed liens on the project, totalling $71,793.17. The City advised Dunteman that funds would not be released because of the lien claims.

Dunteman filed a complaint for declaratory judgment, requesting a court determination that the lien claims filed with the City were void and unenforceable pursuant to paragraph 18 of the subcontract agreement. C/G counterclaimed, arguing that paragraph 18 was

void as against public policy based upon section 1.1 of the Mechanics Lien Act.

Subsequently, F&M's and Christofano's motions to intervene in C/G and Dunteman's action were granted. F&M and Christofano also counterclaimed against Dunteman, C/G, and the City, alleging, *inter alia*, foreclosure of lien and breach of contract. F&M also filed a motion for partial summary judgment, arguing that it had no actual or constructive notice of the no-lien provision contained in Dunteman's contracts with C/G and the City.

On July 17, 1996, the court entered an agreed order directing the City to deposit the sum of $312,732.05 in escrow with the clerk of the court for work done on the road project. On August 14, 1996, the court ruled that the lien filed by C/G was void and unenforceable and that section 1.1 was "unconstitutionally vague and unenforceable." Therefore, the trial court granted Dunteman's complaint for declaratory judgment and denied C/G's motion for partial summary judgment. The trial court also ordered the City to pay Dunteman all sums owed for work performed and not to withhold any amount sought by subcontractors due to liens filed by those subcontractors.

F&M and Christofano thereafter filed motions for reconsideration of the August 14, 1996, order. At a hearing held on the motions, the trial court declared the liens of the sub-subcontractors invalid and unenforceable as a derivative of the principal contract between Dunteman and C/G. C/G appealed the court's August 14, 1996, order. The trial court granted Ziebell leave to intervene and join in the appeal. This court consolidated the appeals of Ziebell and F&M with the appeal filed by C/G. Christofano has not joined in this appeal.

## ANALYSIS

### Jurisdiction

Initially, Dunteman argues that this court lacks jurisdiction to hear this appeal because C/G's notice of appeal was not timely filed. The timely filing of a notice of appeal is both jurisdictional and mandatory. 134 Ill. 2d R. 301; *Hassan v. Wakefield*, 204 Ill. App. 3d 155, 157 (1990). A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action. *Hassan*, 204 Ill. App. 3d at 157.

This appeal was filed pursuant to Supreme Court Rules 302 and 304(a) (134 Ill. 2d R. 302; 155 Ill. 2d R. 304(a)). Supreme Court Rule 304(a) provides for an immediate appeal in cases involving judgments as to fewer than all the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof. *Blott v. Hanson*, 283 Ill. App. 3d 656 (1996).

The order entered on August 14, 1996, stated that judgment was entered in favor of Dunteman and against C/G. The order also stated that "[t]he court finds there is no just reason to delay either enforcement or appeal of the order." At the August 28, 1996, hearing, C/G sought clarification regarding whether the August 14, 1996, order included F&M and Christofano. The trial judge explained that the order had not been directed towards, nor could it be effective against, F&M and Christofano because he had not considered F&M's motion for summary judgment and Christofano had not yet filed its motion for partial summary judgment. Accordingly, C/G timely filed its notice of appeal on September 13, 1996, because the August 14, 1996, order terminated the litigation between C/G and Dunteman.

Dunteman argues that because C/G filed its notice of appeal before the trial court disposed of the parties' last pending post-judgment motions, C/G's notice of appeal was premature and void, and this court lacks jurisdiction to hear C/G's appeal pursuant to Supreme Court Rule 303(a)(2) (155 Ill. 2d R. 303(a)(2)). The resolution of this issue requires us to detail the events which transpired in the circuit court after the entry of the August 14, 1996, order.

On August 26, 1996, Christofano filed a motion seeking reconsideration of the trial court's August 14, 1996, order. On August 28, 1996, F&M appeared before the court to present a motion for reconsideration. All parties were present at the subsequent hearing on the motions, and counsel for Dunteman noted that F&M's motion for reconsideration had not been briefed and was never presented to the court. Rather than addressing either F&M's or Christofano's motion to reconsider, the court ordered Christofano to file its motion for partial summary judgment on or before August 30, 1996, and allowed Dunteman 14 days to respond to F&M's motion for partial summary judgment. The court set both matters for hearing on September 30, 1996.

Supreme Court Rule 303 governs the timing of appeals from final judgments of the circuit court. 155 Ill. 2d R. 303. Subpart (a)(1) of the rule states that a notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or "if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion." 155 Ill. 2d R. 303(a)(1). Subpart (a)(2) states that a notice of appeal filed before entry of an order disposing of the last pending post-trial motion has no effect and must be withdrawn by the party who filed it. This is so whether the post-trial motion was filed before or after the notice of appeal. A new

notice of appeal must be filed within 30 days after entry of the order disposing of the last pending post-trial motion. 155 Ill. 2d R. 303(a)(2).

We do not believe that Supreme Court Rule 303 applies to the instant case. Based on the record, it appears that F&M's and Christofano's motions for reconsideration were abandoned due to the court's clarification that the August 14, 1996, order was not directed towards F&M and Christofano. Therefore, C/G timely filed its notice of appeal on September 13, 1996.

Dunteman further claims that if we conclude that C/G's notice of appeal was timely filed, we must also conclude that F&M's and Ziebell's notices were untimely since the final order in the case was entered on August 14, 1996. We disagree. As discussed above, the order for August 14, 1996, disposed of C/G's lien claim only. On September 30, 1996, the trial court ruled against F&M's and Christofano's motions for partial summary judgment. The order also states that "this order is appealable as to the sub-subcontractors as of today's order." Thus, the September 30, 1996, order constituted a final judgment with respect to the sub-subcontractors, and, therefore, F&M and Ziebell timely filed their notices of appeal on October 29, 1996.

Notwithstanding the above, Dunteman claims this court lacks jurisdiction over the appeals of F&M and Ziebell because they improperly appealed directly to this court. F&M and Ziebell filed their appeals pursuant to Supreme Court Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)), which allows appeals directly to this court where a statute of this state has been held invalid. Dunteman contends, however, the trial court voided F&M's and Ziebell's liens based not on the constitutionality of a statute but, instead, on principles of contract law. Dunteman refers to the trial court's September 30, 1996, order, which states that "[t]he liens of the Sub-

subcontractors are declared invalid and unenforceable as being derivative of the principal contract [between Dunteman and C/G]." Also, the court's October 29, 1996, order declares:

"The ruling of September 30, 1996 as against the Sub-subcontractors, including Ziebell, regarding the invalidity of the liens filed by the Sub-subcontractors, was not based on constitutional grounds regarding the applicability of 60/1.1, but rather, for the reasons set forth on the record of September 30, 1996."

As intervenors, F&M and Ziebell have all the rights of C/G. See 735 ILCS 5/2—408(f) (West 1992); *Klem v. Mann*, 279 Ill. App. 3d 735, 740 (1996). As a result, F&M and Ziebell can take any action that C/G would be entitled to take. See *In re Petition for Submittal of the Question of Annexation to the Corporate Authorities*, 282 Ill. App. 3d 684, 691 (1996). Thus, we find F&M's and Ziebell's right to appeal directly to this court on the issue of the constitutionality of section 1.1 arises directly from their uncontested right to intervene in C/G's action. See *Braun v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 125 Ill. App. 3d 132, 137 (1984).

Dunteman argues, alternatively, that the trial court was divested of jurisdiction to hear F&M's and Christofano's motions for partial summary judgment because C/G had filed its notice of appeal prior to the hearing on the motions. Dunteman is correct that, ordinarily, the filing of a notice of appeal divests the trial court of jurisdiction to enter further orders of substance in a cause. *Chavin v. General Employment Enterprises, Inc.*, 222 Ill. App. 3d 398, 405 (1991); *Homeowners Organized to Protect the Environment, Inc. v. First National Bank*, 167 Ill. App. 3d 714, 720 (1988). However, orders entered after the filing of the notice of appeal are valid if the substantive issues on appeal are not altered so as to present a new case to the reviewing court. See *In re Estate of Goodlett*, 225 Ill. App. 3d 581, 587 (1992); *Chavin*, 222 Ill. App. 3d at 405.

Here, C/G appeals the August 14, 1996, order finding that the lien waiver agreement between C/G and Dunteman was valid and enforceable and that section 1.1 of the Mechanics Lien Act, which prohibits lien waiver agreements, is unconstitutionally vague. The September 30, 1996, order disposing of the motions for partial summary judgment declared the liens of F&M and Christofano invalid and unenforceable as a derivative of the principal contract between Dunteman and C/G. Thus, we find that the September 30, 1996, order did not affect the issue on appeal or change the nature of the appeal.

The Constitutionality of Section 1.1

Defendants contend that the trial court erred in finding section 1.1 unconstitutionally vague. They argue that the meaning and intent of section 1.1 is unambiguous. We note that it is our duty to construe acts of the legislature so as to affirm their constitutionality and validity if it can reasonably be done. *Lee v. Nationwide Cassell, L.P.*, 174 Ill. 2d 540, 549 (1996). However, a legislative act which is so vague, indefinite and uncertain that the courts are unable, by accepted rules of construction, to determine with any reasonable degree of certainty what the legislature intended will be declared to be void. *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill. 2d 389, 402 (1987), quoting *Mayhew v. Nelson*, 346 Ill. 381, 387 (1931). When faced with a vagueness challenge to a statute, a court considers not only the language used, but also the legislative objective and the evil the statute is designed to remedy. *People v. Meyers*, 158 Ill. 2d 46, 59 (1994).

Dunteman argues that section 1.1 is vague because the legislative intent of section 1.1 is not evident from reviewing the legislative history of the section. There appears to have been no discussion or debates regarding

Public Act 87—361, which created section 1.1 (Pub. Act 87—361, § 1, eff. January 1, 1992). Regardless, our determination of the legislative intent must always begin with the statutory language itself. The express language of an enactment is the best indication of the intent of the drafters, and that language should be examined and given its plain and ordinary meaning before resort is made to other interpretive aids. *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 540-42 (1990); see also *Aluma Systems, Inc. v. Frederick Quinn Corp.*, 206 Ill. App. 3d 828, 840 (1990).

Section 1.1 states, in pertinent part:

"An agreement to waive any right to enforce or claim any lien under this Act where the agreement is in anticipation of and in consideration for the awarding of a contract or subcontract *** is against *public policy and unenforceable*." (Emphasis added.) 770 ILCS 60/1.1 (West 1992).

It is evident from the language of the statute that the legislature intended to prohibit provisions waiving the right to a mechanic's lien because such provisions are against public policy. This intent is consistent with the overall purpose of the Mechanics Lien Act and, more importantly, with section 23 of the Act, which is applicable to this case.

The purpose of the Act is to permit a lien upon premises where a benefit has been received by the owner and where the value or condition of the property has been increased or improved by reason of the furnishing of labor and materials. *First Federal Savings & Loan Ass'n v. Connelly*, 97 Ill. 2d 242, 246 (1983), quoting *Colp v. First Baptist Church*, 341 Ill. 73, 76-77 (1930). In particular, section 23 of the Mechanics Lien Act allows subcontractors of a general contractor employed by a public body to establish a lien on funds in the possession of the public body. Section 23 is materially different from all other liens established under the Act in that it

is the sole remedy of a subcontractor against a public body. *Alexander Lumber Co. v. Coberg*, 356 Ill. 49, 54 (1934); *Aluma Systems, Inc.*, 206 Ill. App. 3d at 840-41.

Courts have consistently upheld lien waiver provisions executed prior to performance on public contracts. See *S.J. Groves & Sons Co. v. Midwest Steel Erection Co.*, 666 F. Supp. 129 (N.D. Ill. 1986); *Northbrook Supply Co. v. Thumm Construction Co.*, 39 Ill. App. 2d 267 (1963); *Ramco Industries, Inc. v. Board of Trustees of the University of Illinois*, 226 Ill. App. 3d 173 (1992). However, effective January 1, 1992, section 1.1 declared lien waivers executed in anticipation of and in consideration for entering into contracts void as against public policy. As stated earlier, the public policy behind the Act is to protect subcontractors who have, in good faith, expended labor and materials to improve real property at the direction of the owner or a general contractor. Section 23 is the sole vehicle through which subcontractors may claim liens on funds for public projects as an effective means to compelling payment. The surrender of such protective rights through lien waivers as a prerequisite to obtaining a contract or subcontract contravenes the purpose of the Act.

Dunteman also argues, however, that section 1.1 is unconstitutionally vague because it directly conflicts with section 21 of the Mechanics Lien Act, which deals with liens on *private funds*. 770 ILCS 60/21 (West 1992). A legislative act which is so incomplete or conflicting and inconsistent in its provisions that it cannot be executed will be declared inoperative and void. *Spinelli*, 118 Ill. 2d at 402, quoting *Mayhew v. Nelson*, 346 Ill. 381, 387 (1931).

Public Act 87—361, which created section 1.1, also amended section 21. See Pub. Act 87—361, eff. January 1, 1992. Specifically, the phrase "and the waiver is not prohibited by this Act" was added to section 21 as follows:

"If the legal effect of any contract between the owner and contractor is that no lien or claim may be filed or maintained by any one and the waiver is not prohibited by this Act, such provision shall be binding \*\*\*." 770 ILCS 60/21 (West 1992).

Dunteman argues that this court is presented with a statute which provides in one section that lien waiver agreements are void as against public policy, and in another section offers multiple declarations that lien waiver agreements are valid and enforceable. The trial court agreed with Dunteman, stating that "it is impossible for this Court to determine with any reasonable degree of certainty what the legislature intended in enacting 770 ILCS 60/1.1."

Defendants argue that sections 21 and 1.1 can be read together without conflict. Defendants contend that the meaning of the amended language in section 21 evidences the legislative intent that not all agreements that waive liens are invalid. We agree. As earlier stated, section 1.1 voids, as against public policy, lien waivers that are executed in *anticipation of and in consideration for obtaining construction contracts*. However, lien waivers would not be prohibited if a party agrees to waive a lien claim *after work has been completed*. We do not believe that section 1.1 conflicts with section 21 or any other provisions in the Act such that it cannot be executed or given any precise or intelligible application in the circumstances under which it is intended to operate. Therefore, we hold that section 1.1 is not unconstitutionally vague.

Dunteman further argues that section 1.1 is unconstitutional because it limits the right to freedom of contract under the federal (U.S. Const., art. I, § 10) and state (Ill. Const. 1970, art. I, § 16) constitutions. We note that subsequent to filing of this appeal, C/G filed a motion to strike, arguing that Dunteman did not raise this issue in the lower court. The motion was taken with the case.

It is well settled that issues not raised in the trial court may not be raised for the first time on appeal. See *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 11 (1996). Dunteman argues that it raised this constitutional issue in its reply in support of its complaint for declaratory judgment. Reviewing the record, we find that Dunteman did raise this issue in its pleadings. The trial court also addressed and ruled favorably on this issue. Therefore, we deny C/G's motion to strike and address the substance of Dunteman's argument. Citing to the contract clause of the federal (U.S. Const., art. I, § 10) and state (Ill. Const. 1970, art. I, § 16) constitutions, Dunteman argues that section 1.1 unconstitutionally limits the parties' right to contract as they wish. Dunteman's argument is flawed, however, because it confuses laws which limit the freedom to contract with those that prohibit the state from impairing preexisting contractual rights. These concepts, as we will explain, are separate and distinct.

The right of individuals to contract as they deem fit is grounded in the due process clause, which provides that no person "shall be deprived of life, liberty or property without due process of law." Ill. Const. 1970, art. I, § 2; see U.S. Const., amend. V; see also *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Weinstein v. University of Illinois*, 811 F.2d 1091, 1096 (7th Cir. 1987). In general, economic legislation satisfies the requirements of due process so long as it is rationally related to a legitimate governmental purpose. *Regan v. Taxation with Representation*, 461 U.S. 540, 547, 76 L. Ed. 2d 129, 137, 103 S. Ct. 1997, 2001 (1983).

On the other hand, the contract clause applies to state actions that "impair the obligation of pre-existing contracts." *General Motors Corp. v. Romein*, 503 U.S. 181, 189, 117 L. Ed. 2d 328, 339, 112 S. Ct. 1105, 1111

(1992). Thus a "statute cannot be said to impair a contract that did not exist at the time of its enactment." *Texaco, Inc. v. Short*, 454 U.S. 516, 531, 70 L. Ed. 2d 738, 752, 102 S. Ct. 781, 793 (1982); see *Reding v. Texaco, Inc.*, 598 F.2d 513, 519 (9th Cir. 1979).

Because section 1.1 predated the waiver agreement at issue, there can be no statutory impairment of the contract. Therefore, Dunteman's reliance on the contract clause is entirely misplaced. Whether a statute unconstitutionally impinges upon an individual's freedom to contract is a due process question. We believe that section 1.1 furthers the purpose of the Mechanics Lien Act to protect subcontractors by allowing liens as a means of compelling payment. Thus, section 1.1 does not violate due process because it advances a legitimate governmental interest.

Defendants raise additional arguments in support of their lien waivers. However, because we hold that section 1.1 is not unconstitutionally vague, we need not reach the merits of defendants' other arguments.

## CONCLUSION

For the foregoing reasons, we hold that section 1.1 of the Mechanics Lien Act is not unconstitutionally vague. We therefore reverse the judgment of the circuit court of Cook County and remand this cause to that court for further proceedings consistent with this opinion.

*Reversed and remanded.*