EDWARD VILLALOBOS, Plaintiff-Appellant, v. F.D.L. FOODS, INC., Defendant-Appellee.

Second District    No. 2—97—0745

Opinion filed July 27, 1998.

Gordon C. Ring, of Loves Park, for appellant.

Michael R. Lied and Sherrie J. Dornon, both of Husch & Eppenberger, of Peoria, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Edward Villalobos, appeals from the dismissal of his complaint in the circuit court of Ogle County. Plaintiff's complaint sought to enforce an order of the Illinois Human Rights Commission (Commission) that required defendant, F.D.L. Foods, Inc., to pay damages, costs, and fees to plaintiff based on plaintiff's charge of employment discrimination against defendant. The issues on appeal are whether plaintiff timely filed his charge against defendant with the Illinois Department of Human Rights (Department) and whether plaintiff timely filed his complaint with the Commission.

The record reveals the following facts. On September 23, 1992, the Department received and date-stamped a multipage document that was entitled "Illinois Department of Human Rights Employment Complaint Information Sheet" (CIS). The CIS was completed in handwriting and signed by plaintiff but was not notarized. Plaintiff asserts that he mailed the CIS to the Department on September 21, 1992. Plaintiff supports this assertion with an affidavit that was signed by his attorney's secretary. The record contains nothing that shows when the mailing was postmarked. In the CIS, plaintiff alleged that his civil rights were violated while he was employed by defendant and that he was improperly terminated from his employment with defendant. The CIS shows that defendant terminated plaintiff's employment on March 24, 1992.

Because the CIS was not notarized, the Department deemed it to be an unperfected charge. After receiving the CIS, the Department mailed to plaintiff a typewritten formal statement of charge based on the information supplied by plaintiff in the CIS. A cover letter dated October 9, 1992, accompanied the formal statement of charge. The cover letter advised plaintiff that, if he wished to proceed with the matter, he should sign, notarize, and return the formal statement of charge to the Department by October 25, 1992.

Plaintiff signed the formal statement of charge in front of a notary on October 15, 1992. Plaintiff asserts that he mailed the signed and notarized formal statement of charge to the Department on the same date. Along with the formal statement of charge, the record contains a

copy of an envelope that bears a postmark dated October 15, 1992. The envelope is date-stamped showing that it was received by the Department on October 19, 1992.

In a letter dated October 30, 1992, the Department advised plaintiff that his charge against defendant had been filed and that the Department would investigate the charge according to its procedures. The letter also contained the following:

> "If the Department does not complete your case within 300 days from the date you filed your signed and notarized charge (or within any extension of that time agreed to in writing by you and the Respondent), you have the right to file your own complaint with the Human Rights Commission, starting on the **301st day (August 4, 1993) and ending on the 330th day (September 11, 1993)."** (Emphasis in original.)

In a letter dated September 9, 1993, that was addressed to the Commission, plaintiff, through his attorney, requested that an enclosed complaint of civil rights violation be filed. The complaint referred to the charge that plaintiff had filed with the Department and alleged that defendant violated plaintiff's civil rights when it discharged him on March 26, 1992. Both the letter and the complaint were date-stamped showing that the Commission received them on September 14, 1993. In addition, appended to the date stamp on both the letter and the complaint is the following notation "USP 9-10-93."

On May 5, 1994, an administrative law judge (ALJ) entered an order stating that defendant had been served with a copy of plaintiff's complaint of civil rights violation and that defendant had not answered the complaint or filed any other responsive pleading. The order granted plaintiff's motion for default and set a date for a hearing to consider the issue of damages.

In a recommended order and decision dated November 1, 1995, another ALJ recommended that the Commission enter an order in plaintiff's favor regarding his complaint. The ALJ made findings of fact that included a finding that defendant discharged plaintiff on March 26, 1992. The recommended relief included the payment of damages, attorney fees, and costs by defendant to plaintiff.

On February 9, 1996, the Commission entered an order and decision. The Commission's order affirmed and adopted the recommended order and decision of the ALJ.

On August 22, 1996, plaintiff filed a complaint in the circuit court. Plaintiff's complaint sought to enforce the terms of the Commission's order.

Defendant responded by filing a motion to dismiss plaintiff's complaint. Defendant asserted that the circuit court could not enforce the

Commission's order because the order was void. Defendant contended that the Commissions's order was void for two reasons: (1) plaintiff had not timely filed his charge with the Department, and (2) plaintiff had not timely filed his complaint with the Commission.

The trial court granted defendant's motion to dismiss plaintiff's complaint. The court based its decision on its conclusion that plaintiff did not timely file his complaint with the Commission. Plaintiff's timely appeal followed.

On appeal, the parties raise both issues that were before the trial court, *i.e.*, whether plaintiff timely filed his charge against defendant with the Department and whether plaintiff timely filed his complaint with the Commission. Because either issue could be dispositive of this matter, we will address both issues.

■ Section 7A—102 of the Illinois Human Rights Act (Act) (775 ILCS 5/7A—102 (West 1992)) sets out the procedures for filing a charge alleging a civil rights violation based on employment discrimination with the Department and for filing a related complaint with the Commission. With respect to a charge filed with the Department, section 7A—102(A)(1) provides:

"1) Within 180 days after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the Department by an aggrieved party or issued by the Department itself under the signature of the Director." 775 ILCS 5/7A—102(A)(1) (West 1992).

Section 2520.40 of Title 56 of the Illinois Administrative Code (56 Ill. Adm. Code § 2520.40 (1994)), one of the Department's administrative rules (rule 2520.40), governs a determination of when a charge is deemed filed with the Department. Rule 2520.40 provides as follows:

"All documents required to be filed with the Department shall be deemed filed when received if hand-delivered or telefaxed. An item received by mail shall be deemed to have been filed when postmarked, properly addressed and posted for delivery." 56 Ill. Adm. Code § 2520.40 (1994).

In this case, the parties dispute whether plaintiff filed his charge with the Department within 180 days after the date of the alleged violation as required by section 7A—102(A)(1). The dispute stems, in part, from the parties' disagreement as to the date of the alleged violation and, in part, from the parties' disagreement as to the proper construction of rule 2520.40.

We first address the construction of rule 2520.40. The parties do not cite any authority that construes rule 2520.40. Citing the rule's language, defendant posits that a mailing to the Department is deemed filed with the Department on the date it is "postmarked, properly ad-

dressed and posted for delivery." 56 Ill. Adm. Code § 2520.40 (1994). Defendant construes this language to require a showing of when a mailing was postmarked in order to show when it was filed with the Department. Plaintiff responds that rule 2520.40 requires only proof that a mailing was mailed within the requisite filing period to establish that it was timely filed with the Department.

■ Rule 2520.40 clearly governs determinations of the timing of filings with the Department. Rules promulgated by an administrative agency have the force and effect of law, are presumed to be valid, and are construed by the same standard as statutes. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 162 (1993). In construing a statute, a court should first look to the language of the statute to determine the intent of the drafters. *In re Marriage of Mitchell*, 181 Ill. 2d. 169, 173 (1998). The express language of the drafters is the best indication of their intent, and, if possible, the court should construe the statute by giving the language its plain and ordinary meaning without resorting to other interpretive aids. See *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 164 (1998).

■ Here, as defendant correctly notes, the express language of rule 2520.40 indicates that the drafters of the rule intended that a mailing be deemed filed with the Department when it is "postmarked, properly addressed and posted for delivery." 56 Ill. Adm. Code § 2520.40 (1994). This language plainly indicates that a necessary part of a determination of when a mailing was filed with the Department is a determination of when it was postmarked. Although posting the mailing for delivery is also a requirement, the plain language of the rule indicates that merely showing when a mailing was posted is not, by itself, sufficient to establish when the mailing was filed. Thus, under the rule's plain language, a determination of when a mailing was filed with the Department requires a showing of when the mailing was postmarked.

The Commission's orders and decisions consistently support this construction of rule 2520.40. See, *e.g., In re Eash & Header Die & Tool, Inc.*, Ill. Hum. Rights Comm'n Rep. 1993—CF—3205 (March 19, 1996); *In re Berchiolly & United Beechcraft*, Ill. Hum. Rights Comm'n Rep. 1993—CN—2357 (February 23, 1996); *In re Ognar & Forest City Management, Inc., D/B/A The Pavilion*, Ill. Hum. Rights Comm'n Rep. 1994—CF—0509 (December 5, 1995) (charge deemed filed on date of postmark); *In re Harbin & Allstate Insurance Co.*, Ill. Hum. Rights Comm'n Rep. 1992—CF—1763 (December 17, 1993) (filing date of charge is date postmarked).

An agency's interpretation of a statute is not binding on a reviewing court and will be rejected when it is erroneous. *City of Decatur v.*

*American Federation of State, County, & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361 (1988). However, a reviewing court should give considerable deference to an agency's interpretation of a statute that is administered by the agency. *Denton v. Civil Service Comm'n*, 176 Ill. 2d 144, 148 (1997).

With these principles in mind, and in view of the plain language of the rule, we conclude that rule 2520.40 requires a party to prove the date that a mailing was postmarked in order to prove when the mailing was filed with the Department. As to the filing of a charge with the Department, rule 2520.40, in conjunction with section 7A—102(A)(1) of the Act, requires that a charge that is mailed to the Department be postmarked no later than the 180th day following the date of the alleged violation.

We now turn to the questions of the date of the alleged violation and whether plaintiff timely filed his charge with the Department. Plaintiff's charge against defendant alleged that plaintiff's civil rights were violated during a period of time prior to his discharge and when he was discharged by defendant. In such cases, the 180-day period within which a charge may be filed begins to run on the date that the complainant is notified of his termination. *In re Fang & Village of Oak Park*, Ill. Hum. Rights Comm'n Rep. 1986—CN—3233 (September 9, 1996).

Both on appeal and in his complaint filed with the Commission, plaintiff asserts that he was discharged from his employment with defendant on March 26, 1992. However, in the handwritten unperfected charge that plaintiff filed with the Department, he indicated that he was discharged on March 24, 1992. Defendant notes this inconsistency and asserts that the discharge date should be considered to be March 24, 1992.

Plaintiff responds that in using the date of March 26, 1992, he is merely relying on defendant's own statements regarding the date of his discharge. In support of his position, plaintiff points to documents written by defendant that use that date.

■ The record contains a letter dated March 26, 1992, from defendant to plaintiff. The letter is signed by defendant's personnel director. The letter notifies plaintiff that he is "being dropped from the payroll, effective March 26, 1992." The record also contains a verified response by defendant to plaintiff's charge. The verified response is signed by defendant's vice-president and general counsel and states that plaintiff "was hired on December 6, 1990, and terminated on March 26, 1992."

In the ALJ's recommended order and decision that was adopted and affirmed by the Commission, the ALJ found that plaintiff was

discharged by defendant on March 26, 1992. In the trial court order that plaintiff appeals from, the trial judge stated that "[t]he facts indicate that the Plaintiff was officially discharged on March 26, 1992."

This record sufficiently establishes that plaintiff was officially terminated by defendant on March 26, 1992. Therefore, March 26, 1992, was the date that the alleged civil rights violation was committed for purposes of the 180-day period within which defendant could file his charge against defendant.

■ We now turn to the question of whether plaintiff filed his charge with the Department within 180 days after March 26, 1992. It is undisputed that if, as has now been determined, the alleged violation was committed on March 26, 1992, then the 180th day after that date was September 22, 1992. Under section 7A—102(A)(1) of the Act, plaintiff must have filed his charge with the Department by that date in order for the charge to have been timely filed. Under rule 2520.40, because plaintiff mailed the charge to the Department, plaintiff's mailing must have been postmarked no later than September 22, 1992, in order for the charge to have been deemed filed with the Department by that date.

The record shows that the Department received plaintiff's charge in the mail on September 23, 1992. Plaintiff has shown that his charge was mailed on September 21, 1992. Plaintiff has not shown when the mailing was postmarked. Nonetheless, we believe that the record sufficiently establishes that plaintiff's charge was postmarked no later than September 22, 1992. If the mailing was postmarked later than September 22, 1992, the Department would have received plaintiff's mailing on the same day that it was postmarked. We may take judicial notice of the fact that such an occurrence is extremely unlikely. See *Carrizales v. Rheem Manufacturing Co.*, 226 Ill. App. 3d 20, 26 (1991) (judicial notice may be taken of matters that "everyone knows to be true"). This is particularly so where, as here, the record indicates that the charge was mailed and, presumably, postmarked in Winnebago County and delivered to the Department in Chicago. For these reasons, we conclude that plaintiff's mailing of his charge to the Department was postmarked no later than September 22, 1992, and therefore satisfied the requirement that the mailing be postmarked within 180 days after the date that the alleged violation was committed.

■ Defendant next contends that, even if plaintiff's unperfected charge is deemed to have been filed with the Department within the requisite 180-day period, it does not satisfy the statutory requirement that a "charge in writing under oath or affirmation" be filed within 180 days (775 ILCS 5/7A—102(A)(1) (West 1992)). Defendant recog-

nizes that the First, Fourth, and Fifth Districts of the Illinois Appellate Court have resolved this and similar issues in ways favorable to plaintiff by deciding that, if a party files an unperfected charge with the Department within the 180-day period and later files a perfected charge after the 180-day period has elapsed, the perfected charge is deemed to relate back to the date that the unperfected charge was filed and the Department therefore has jurisdiction. See *Maliszewski v. Human Rights Comm'n*, 269 Ill. App. 3d 472 (5th Dist. 1995) (applying *Gonzalez* principle to complaint filed with Commission); *Phelps v. Human Rights Comm'n*, 185 Ill. App. 3d 96 (4th Dist. 1989); *Gonzalez v. Human Rights Comm'n*, 179 Ill. App. 3d 362 (1st Dist. 1989). However, defendant argues that these opinions were incorrectly decided and that this district should not follow them.

We believe that *Maliszewski, Phelps*, and *Gonzalez* were correctly decided and should therefore be followed. When an issue involves the jurisdiction of an administrative agency in matters from which all the districts of the appellate court sit in administrative review, a difference in controlling precedent is very undesirable. *Phelps*, 185 Ill. App. 3d at 98. Acting in comity, we choose to follow *Maliszewski, Phelps*, and *Gonzalez*.

■ Accordingly, when plaintiff filed his perfected charge against defendant on October 15, 1992 (as shown by the postmark on the mailing), it related back to September 22, 1992, the date that plaintiff filed his unperfected charge. We have already established that September 22, 1992, was the 180th day after the date of the alleged violation. Plaintiff is therefore deemed to have filed his perfected charge with the Department within the 180 days following the date of the alleged violation. For all these reasons, defendant's contention that the Commission's order was void and unenforceable because plaintiff did not timely file his charge with the Department fails.

■ Next, we turn to the question of whether plaintiff timely filed his complaint with the Commission. Section 7A—102(G) of the Act (775 ILCS 5/7A—102(G) (West 1992)) sets out the procedures for filing a complaint with the Commission. Section 7A—102(G) provides, in relevant part, as follows:

"(1) When a charge of a civil rights violation has been properly filed, the Department, within 300 days thereof or within any extension of that period agreed to in writing by all parties, shall either issue and file a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. Any such order shall be duly served upon both the complainant and the respondent.

(2) Within 30 days of the expiration of the 300-day period or such

longer period as shall have been agreed upon pursuant to subparagraph (1), the aggrieved party may file a complaint with the Commission, if the Department has not sooner filed a complaint or ordered that no complaint be issued." 775 ILCS 5/7A—102(G)(1), (G)(2) (West 1992).

In this case, although not clearly established by the record, the Department apparently never issued and filed a complaint or ordered that no complaint be issued as required by section 7A—102(G). Moreover, there is nothing in the record that indicates that the parties agreed to any extension of the 300-day period.

The trial court construed section 7A—102(G) as requiring plaintiff to file his complaint with the Commission within the 30-day period that followed the expiration of the 300-day period following the date that plaintiff filed his unperfected charge with the Department. The trial court ruled that plaintiff did not file his complaint with the Commission within that 30-day period, that the Commission therefore did not have jurisdiction over plaintiff's complaint, and that plaintiff's complaint in the circuit court should therefore be dismissed.

On appeal, plaintiff contends that the trial court erred in its ruling because the 300-day period does not start until a perfected charge is filed with the Department. Plaintiff maintains that the 300-day period began to run in this case on the day after he filed his perfected complaint with the Department. More specifically, plaintiff asserts that he filed his perfected complaint with the Department on October 15, 1992, when he mailed the formal statement of charge to the Department, and that the 300-day period therefore began to run on October 16, 1992, and ended on August 11, 1993. In plaintiff's view, the 30-day period within which he could properly file his complaint ran from August 12, 1993, through September 10, 1993. Plaintiff argues that he filed his complaint with the Commission within this 30-day period by mailing it to the Commission on September 10, 1993, and that the filing was therefore timely.

Defendant responds that the trial court was correct in using the date that plaintiff filed his unperfected charge with the Department as the date marking the start of the 300-day period and in concluding that plaintiff therefore did not timely file his complaint with the Commission. Defendant also contends that even if the date that the perfected charge was filed was the correct date for determining the start of the 300-day period plaintiff's filing was still untimely because the Commission did not receive it until September 14, 1993, a date beyond the 30-day period following the 300-day period even by plaintiff's reckonings.

Thus, two issues are before us: (1) whether the 300-day period

begins to run when an unperfected or perfected charge is filed with the Department, and (2) if the 300-day period begins to run when a perfected charge is filed, whether plaintiff's filing of his complaint was timely.

We will first address the issue of whether the 300-day period begins to run when an unperfected or perfected charge is filed with the Department. In support of his position that the period begins when a perfected charge is filed, plaintiff points to a line of the Commission's decisions that have construed the 300-day period to begin to run when a perfected charge is filed with the Department. These cases construe the 300-day period in this way even though an unperfected charge may also have been filed and even when the perfected charge was not filed until after the 180-day period for filing the charge had elapsed. See, *e.g.*, *In re Eash & Header Die & Tool, Inc.*, Ill. Hum. Rights Comm'n Rep. 1993—CF—3205 (March 16, 1996); *In re Marten & State of Illinois*, 61 Ill. Hum. Rights Comm'n Rep. 1147 (1991); *In re Bailey & Board of Education, Peoria School District No. 150*, 55 Ill. Hum. Rights Comm'n Rep. 425 (1990).

In response, defendant cites no authority holding that the 300-day period begins to run when an unperfected charge is filed. Rather, defendant maintains that plaintiff used inconsistent dates to suit his convenience as to the filing of his charge with the Department, *i.e.*, plaintiff asserts that he filed his charge on September 22, 1992, for purposes of the 180-day filing period, but plaintiff also asserts that he filed his charge on October 15, 1992, for purposes of the 300-day period. Defendant contends that the Commission's decisions relied on by plaintiff were incorrectly decided. Defendant argues that plaintiff's use of inconsistent dates thwarts the time line set out in the Act by permitting plaintiff to determine when the 300-day period begins and thereby rendering the Act's deadlines meaningless.

In *Bailey*, the Commission addressed a question that had been certified to the Commission by an ALJ. The certified question was:

"Where a charging party has filed an unperfected charge and a charge is later perfected, does the 300-day period she must wait before filing her own complaint under Section 7—102(G)(2) of the Act [now see section 7A—102(G)] begin on the date the unperfected charge was filed or on the date it was perfected?" *Bailey*, 55 Ill. Hum. Rights Comm'n Rep. at 426.

In *Bailey*, the respondent argued that the unperfected filing date should be used to denote the start of the 300-day period because of the rationale propounded in *Gonzalez* that a perfected charge relates back to the date of the filing of an unperfected charge. The Commission rejected that argument on the ground that it would be unfair to penal-

ize a complainant who timely filed an unperfected charge but was not allowed to proceed merely because of a minor technical defect such as failing to notarize the charge. *Bailey*, 55 Ill. Hum. Rights Comm'm Rep. at 432. The Commission then stated:

> "The purpose behind the 300-day investigation period on the other hand is to give the Department of Human Rights a full opportunity to investigate the charge and to determine whether there is any merit to the claim. It is only after the Department has failed to act within the 300-day period that the complainant is allowed to file his or her own charge. Although it would be unfair to the complainant to block the filing of his charge because of some minor, easily correctible [*sic*] defect, such a defect does prevent the Department of Human Rights from investigating the charge. If the defect is not corrected on a timely basis, the unperfected charge will be considered a nullity. Thus, as a practical matter, the Department's time for investigating the charge begins on the date that a formal charge, signed under oath, is received. The Administrative Law Judge found, and we agree, that holding that the 300-day investigation period begins on the date that the unperfected charge is filed would give the Department of Human Rights less than 300 days to investigate the case, and this would be contrary to the intent of the General Assembly.
>
> Section 7—102(G) states that the 300-day investigation period begins only after the charge has been 'properly' filed. It is the holding of the full Commission that a charge has not been 'properly' filed within the meaning of Section 7—102(G) until a perfected charge has been submitted." *Bailey*, 55 Ill. Hum. Rights Comm'n Rep. at 432-33.

As noted previously , we are not bound to follow an agency's interpretation of a statute. *City of Decatur*, 122 Ill. 2d at 361. However, we should give considerable deference to an agency's interpretation of a statute that it administers. *Denton*, 176 Ill. 2d at 148.

■ Because the Commission's interpretation in *Bailey* of language now found in section 7A—102(G) is well reasoned, we elect to follow it. Therefore, in this case, the 300-day period for the Department to investigate plaintiff's charge began to run the day following the date that plaintiff filed his perfected charge with the Department, *i.e.*, October 16, 1992, and ended on August 11, 1993. The ensuing 30-day period within which plaintiff could file his own complaint with the Commission then ran from August 12, 1993, through September 10, 1993.

The trial court's ruling that the 300-day period began when plaintiff filed his unperfected charge with the Department is clearly erroneous. However, we still must determine whether plaintiff filed his complaint within the 30-day period.

Defendant contends that plaintiff's filing of his complaint was untimely because plaintiff failed to file the complaint within the 30-day period ending on September 10, 1993. Defendant argues that plaintiff's complaint was not received by the Commission until September 14, 1993, and that plaintiff has not produced evidence that the complaint was postmarked on or before September 10, 1993, as required by rule 2520.40.

We note that defendant's reliance on rule 2520.40 as authority regarding the date of a filing with the Commission is misplaced. Rule 2520.40 governs a filing with the Department, but a different provision, section 5300.40 (56 Ill. Adm. Code § 5300.40 (1992)), governs a filing with the Commission.

■ Prior to June 1, 1992, section 5300.40 contained language that was virtually identical to rule 2520.40 as to determining the filing date of mailings. Both provisions provided that a mailing was "deemed to have been filed when postmarked, properly addressed and posted for delivery." However, effective June 1, 1992, prior to the date that plaintiff filed his complaint, section 5300.40 was amended to add the following language:

> "An item properly received by mail shall be deemed to have been filed on the date specified in the applicable proof of mailing. Proof of mailing shall be made by filing with the Commission a certificate of the attorney or the affidavit of a person who is not an attorney, stating the date and place of mailing and the fact that proper postage was prepaid. The certificate or affidavit shall be filed with the Commission at the same time the item to which it refers is filed. If the certificate or affidavit does not accompany an item filed by mail, an item received by mail shall be deemed to have been filed when postmarked, properly addressed and posted for delivery." 16 Ill. Reg. 7841 (adopted May 22, 1992).

■ In this case, a document entitled "Proof of Service" was attached to plaintiff's complaint. The document states that it was prepared by plaintiff's attorney. The document also contains the notarized signature of plaintiff's attorney's secretary. The document certifies that plaintiff's complaint was mailed to the Commission at its Chicago office by mailing the complaint with postage fully prepaid in Loves Park, Illinois, on September 10, 1993. We believe that this document is a sufficient proof of mailing to satisfy section 5300.40. We also note that the record contains evidence that plaintiff's mailing of his complaint was postmarked on September 10, 1993. This evidence is in the form of a notation appended to the date stamp showing that the complaint was received by the Commission on September 14, 1993. The appended notation states "USP September 10, 1993."

This record establishes that plaintiff mailed his complaint to the Commission on September 10, 1993, and that the mailing was postmarked on the same date. Because September 10, 1993, was within the 30-day period that followed the expiration of the 300-day period that followed the filing of plaintiff's perfected charge with the Department, plaintiff's filing of his complaint with the Commission was timely.

The order of the circuit court of Ogle County dismissing plaintiff's complaint on the ground that plaintiff's filing of his complaint with the Commission was untimely is reversed. This cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS and McLAREN, JJ., concur.